UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

----------------------------------------------------X

KAREEM ADAMS,

               Plaintiff,

  - against -

GOLD & ROSENBLATT LLC,
RANDI ROSENBLATT, CHRISTINE PANZA,
ANDREWS 102 LLC and RESIDENTIAL
MANAGEMENT (NY), INC.,

               Defendants.

----------------------------------------------------X

Case No. 26 Civ. 2419 (ER)

## MEMORANDUM OF LAW IN SUPPORT OF DEENDANTS' MOTION TO DISMISS THE COMPLAINT

BERRY LAW PLLC
*Attorneys for defendants*
745 Fifth Avenue, 5th Floor
New York, New York 10151
(212) 355-0777

New York, New York
July 13, 2026

**TABLE OF CONTENTS**

Page

Table of Authorities ................................................................................................... iii

**INTRODUCTION** ...................................................................................................... **1**

A. Adams' Allegations ................................................................................................ 2

B. A Landlord is Entitled to Apply All Rent Collections to the Oldest Outstanding Rent
Receivables ............................................................................................................. 3

**SUMMARY OF DEFENDANTS' POSITION** ........................................................... **4**

**ARGUMENT** .............................................................................................................. **5**

    **Point I** .................................................................................................................... **5**
    The Alleged FDCPA Violations Do Not State a Legally Sufficient Claim Against the
    Attorney Defendants

    A. The FDCPA Claims Are Refuted by The Exhibits Appended to Adams' Complaint ........ 6

    B. Adams Admits that He Was Not Misled by the Housing Court Petitions .......................... 7

    C. The Pleaded Allegation of Travel Expenses and Lost Time Don't Sufficiently Allege
    Standing or Injury under the FDCPA ................................................................................ 8

    D. Adams' Vague Claims that the FDCPA Violations Caused Emotional Injury Are
    Insufficient as a Matter of Law ......................................................................................... 9

    E. The FDCPA Claims Based on the First Through Fourth Housing Court Petitions Are
    Time Barred ........................................................................................................................ 9

    **Point II** .................................................................................................................. **10**
    Adams Fails to State A Claim for Which Relief Can Be Granted under GBL §349(b)

    A. Adams Has Failed to Allege Consumer-Oriented Conduct .............................................. 10

    B. The Record Establishes that the Petitions Were Not Misleading ...................................... 11

    C. The GBL §349(a) Claims Based on the First Through Third Housing Court Petitions Are
    Time Barred ........................................................................................................................ 12

    **Point III** ................................................................................................................ **12**
    Adams Can't State a Claim Under Judiciary Law §487

    A. Adams Can't Plausibly Allege Egregious Attorney Deceit .............................................. 13

B.  Adams Hasn't Alleged Pecuniary Damages, as Required Under §487 ............................ 13

**Point IV ................................................................................................................................. 14**
The Gross Negligence Claims Should Be Dismissed

A.  Adams Can't Plausibly Allege Detrimental Reliance or That He Was Misled ................ 14

B.  Neither the Landlord Defendants Nor the Attorney Defendants Owed Adams A Duty of
     Care .............................................................................................................................. 14

**Point V .................................................................................................................................. 16**
The Court Should Decline to Exercise Supplemental Jurisdiction Over the Allegations that
Will Remain Following Determination of the Rule 12(b)(6) Motion

A.  To the Extent the Court Does Not Dismiss the Deceit Allegations Pursuant to Rule
     12(b)(6), it Should Decline Supplemental Jurisdiction Over Them in Accordance with 28
     U.S.C. §1367(c)(2) ....................................................................................................... 16

B.  To the Extent the Court Does Not Dismiss the Deceit Allegations Pursuant to Rule
     12(b)(6), it Should Decline Supplemental Jurisdiction Over Them in Accordance with 28
     U.S.C. §1367(c)(1) ....................................................................................................... 17

**CONCLUSION ....................................................................................................................... 19**

## TABLE OF AUTHORITIES

**Cases**                                                                                                       **Page(s)**

*712 Realty, LLC v. Poliard*
    82 Misc.3d 22, 204 N.Y.S.3d 375 (App. Term, 2d, 11th & 13th Jud. Dist. 2024)................... 3

*AMML Realty Corp. v. Alethia Townsend*
    2019 WL 3954309 (City Ct., Mount Vernon, Aug. 20, 2019) ................................................ 3

*Aguaiza v. Vantage Properties, LLC*
    69 A.D.3d 422, 893 N.Y.S.2d 19 (1st Dept. 2010)............................................................ 10, 17

*Amalfitano v. Rosenberg*
    12 N.Y.3d 8, 874 N.Y.S.2d 868 (2009) ............................................................................ 12, 13

*Benzemann v. Houslanger & Assocs., PLLC*
    957 F.3d 143 (2d Cir. 2020)..................................................................................................... 9

*Bill Birds, Inc. v. Stein Law Firm, P.C.*
    164 A.D.3d 635, 82 N.Y.S.3d 91 (2d Dept. 2018), aff'd, 35 N.Y.3d 173, 93 N.Y.S.3d 259
    (2020)..................................................................................................................................... 13

*Brake v. Slochowsky & Slochowsky, LLP*
    504 F. Supp. 3d 103 (E.D.N.Y. 2020) .............................................................................. 10, 13

*Caldwell v. Gutman, Mintz, Baker & Sonnenfeldt, P.C.*
    701 F. Supp. 2d 340 (E.D.N.Y. 2010) .................................................................................. 10

*Calcano v. Swarovski N. Am. Ltd.*
    36 F.4th 68 (2d Cir. 2022) ...................................................................................................... 8

*Calixto v. A. Balsamo & Rosenblatt, P.C.*
    244 A.D.3d 674, 246 N.Y.S.3d 446 (2d Dept. 2025) ........................................................... 18

*Cavazzini v. MRS Assocs.*
    574 F. Supp. 3d 134 (E.D.N.Y. 2021) .................................................................................... 8

*Cavender v. Sutter Lakeside Hosp., Inc.*
    2005 WL 2171714 (N.D. Cal. Sept. 6, 2005) ....................................................................... 16

*Chambers v. Time Warner, Inc.*
    282 F.3d 147 (2d Cir. 2002).................................................................................................... 6

*Cherensky v. New York Life Ins. Co.*
    942 F. Supp. 2d 388 (S.D.N.Y. 2013).................................................................................... 18

*Chufen Chen v. Dunkin' Brands, Inc.*
    954 F.3d 492 (2d Cir. 2020).................................................................................................. 11

Table of Authorities (con'd)

*Cohen v. Rosicki, Rosicki & Assocs., P.C.*
  897 F.3d 75 (2d Cir. 2018)..................................................................................... 6, 7

*Cohen v. Transp. Ins. Co.*
  2011 WL 3650284 (N.D.N.Y. Aug. 18, 2011) ........................................................ 10

*Collazo v. Netherland Property Assets LLC*
  35 N.Y.3d 987, 125 N.Y.S.3d 337 (2020); 155 A.D.3d 538, 64 N.Y.S.3d 537 (1st Dept.
  2017) ............................................................................................................... 10, 17

*Corsello v. Verizon N.Y., Inc.*
  18 N.Y.3d 777, 944 N.Y.S.2d 732 (2012)............................................................... 12

*DiFolco v. MSNBC Cable L.L.C.*
  622 F.3d 104 (2d Cir. 2010)...................................................................................... 6

*Dzganiya v. Cohen Ehrenfeld Pomerantz & Tenenbaum, LLP*
  2018 WL 2247206 (S.D.N.Y. May 16, 2018) ......................................................... 15

*Eng v. Pacific Clinics*
  2013 WL 12129611 (C.D. Cal. May 17, 2013) ....................................................... 16

*Finch v. Slochowsky & Slochowsky, LLC*
  2020 WL 5848616 (E.D.N.Y. Sept. 30, 2020) ........................................................ 10

*Fink v. Time Warner Cable*
  714 F.3d 739 (2d Cir. 2013)..................................................................................... 11

*Gabriele v. American Home Mortgage Servicing, Inc.*
  503 F. App'x 89 (2d Cir. 2012) ................................................................................. 7

*Gaidon v. Guardian Life Ins. Co. of Am.*
  96 N.Y.2d 201, 727 N.Y.S.2d 30 (2001)................................................................. 12

*Gomez v. Resurgent Capital Servs., L.P.*
  129 F. Supp. 3d 147 (S.D.N.Y. 2015)........................................................................ 8

*Heard v. MTA North Commuter R. Co.*
  2003 WL 22176008 (S.D.N.Y. Sept. 22, 2003)....................................................... 18

*Hernandez v. Mauzone Home Kosher Prods. of Queens, Inc.*
  2013 WL 5460196 (E.D.N.Y. Sept. 25, 2013) ........................................................ 16

*Hughes v. Wagner*
  4 A.D.2d 980, 167 N.Y.S.2d 869 (3d Dept. 1957) .................................................... 3

*John v. Whole Foods Mkt. Grp., Inc.*
  858 F.3d 732 (2d Cir. 2017)....................................................................................... 8

*Kaiser v. Van Houten*
  12 A.D.3d 1012, 785 N.Y.S.2d 569 (4th Dept. 2004) ............................................. 13

Table of Authorities (con'd)

*Kaufman v. Moritt Hock & Hamroff, LLP*
   192 A.D.3d 1092 (2d Dep't 2021) ................................................................. 13

*Knopf v. Esposito*
   2017 WL 6210851 (S.D.N.Y. Dec. 7, 2021), rev'd on other grounds, 803 Fed. App'x 848 (2d
   Cir. 2020) ...................................................................................................... 16

*Lautman v. 2800 Coyle St. Owners Corp.*
   2014 WL 2200909 (E.D.N.Y. May 23, 2014) ...................................... 11, 15

*Lyon v. Whisman*
   45 F.3d 758 (3d Cir. 1995) ............................................................................ 16

*Maddox v. Bank of N.Y. Mellon Trust Co.*
   19 F.4th 58 (2d Cir. 2021) .............................................................................. 9

*Manchanda v. Educational Credit Mgmt. Corp.*
   2022 WL 137885 (S.D.N.Y. Jan. 14, 2022) ................................................ 10

*Matos v. Kucker & Bruh, LLP*
   2007 WL 4639455 (Sup. Ct., N.Y. Co. Dec. 28, 2007) .............................. 10

*Melcher v. Greenberg*
   135 A.D.3d 547, 24 N.Y.S.3d 254 (1st Dept. 2018) .................................. 13

*National Westminster Bank USA v. Weksel*
   124 A.D.2d 144 (1st Dept. 1987) .................................................................. 14

*People by Latisha James v. River Valley Estates, LLC*
   2025 WL 2970801 (Sup. Ct., Sullivan Co. Oct. 14, 2025) ........................ 17

*Remler v. Cohen Elder Law, PLLC*
   2022 WL 4586243 (E.D.N.Y. Sept. 29, 2022) ............................................ 13

*Rotkiske v. Klemm*
   589 U.S. 8 (2019) ............................................................................................ 9

*Rotterdam Ventures, Inc. v. Ernst & Young LLP*
   300 A.D.2d 963, 752 N.Y.S.2d 746 (3d Dept. 2002) ................................ 14

*Snyder v. LVNV Funding LLC*
   2023 WL 1109645 (S.D.N.Y. Jan. 30, 2023) ............................................... 9

*Torres v. Steven J. Baum, P.C.*
   2011 WL 2610088 (N.D.N.Y. June 24, 2011) ............................................ 14

*Town of Oyster Bay v. Northrop Grumman System Corp.*
   2010 WL 11623604 (E.D.N.Y. May 21, 2010) .......................................... 16

*TransUnion LLC v. Ramirez*
   594 U.S. 413 (2021) ......................................................................................... 8

Table of Authorities (con'd)

*Wadsworth v. Kross, Lieberman & Stone, Inc.*
   12 F.4th 665 (7th Cir. 2021) ....................................................................... 9

*Water Street Leasehold LLC v. Deloitte & Touche LLP*
   19 A.D.3d 183, 796 N.Y.S.2d 598 (1st Dept. 2005)..................................... 14

*Wolkstein v. Morgenstern*
   275 A.D.2d 635, 713 N.Y.S.2d 171 (1st Dept. 2000).................................... 13

**United States Code**

15 U.S.C. §1692 et seq............................................................................. 2, 5

15 U.S.C. §1692e ........................................................................................ 6

15 U.S.C. §1692k(d) .................................................................................... 9

28 U.S.C. §1367(c) ..................................................................................... 1

28 U.S.C. §1367(c)(1).................................................................................. 17

28 U.S.C. §1367(c)(2).................................................................................. 15

**Federal Rules**

Fed. R. Civ. P. 12(b)(1)................................................................................ 1

Fed. R. Civ. P. 12(b)(6)......................................................................... passim

**New York Statutes and Rules**

CPLR 214(2)............................................................................................... 12

General Business Law §349................................................................... passim

Judiciary Law §487.............................................................................. passim

Defendants Gold & Rosenblatt LLC, Randi Rosenblatt, and Christine Panza ("Attorney Defendants") and Andrews 102 LLC, and Residential Management (NY) ("Landlord Defendants") respectfully submit this memorandum in support of their motion to dismiss the Complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and Rule 12(b)(6).  If the federal claim is dismissed and any state law allegations survive, the Court should decline to assume supplemental jurisdiction over them. *See* 28 U.S.C. §1367©.

## **INTRODUCTION**

This is a frivolous consumer fraud case by a tenant alleging unfair rent collection.   The complaint admits that Landlord Defendants' "Ledgers" showing his historical rent and payment history are accurate.   That admission alone defeats each of the claims in this case.

Those Ledgers were attached to notices of discontinuances that the Landlord Defendants filed when they discontinued the Housing Court petitions against Adams. The petitions and ledger are attached to the Complaint as **Exhibits B** [ECF 1-2] , **D** [ECF 1=4], **F** [ECF 1-6] , **H** [ECF 1-8] , **J** [ECF 1-10], **L** [ECF 1-12] and **N** [ECF 1-14].  The following **Table** summarizes the relevant ledger entries and shows that this lawsuit is meritless: since:

(a) Adams was perpetually behind on his rent payments.

(b) Each of the seven Housing Court petitions was filed when Adams was substantially behind on his rent.

© The first three petitions overstated the rent due by alleged slightly:
   1st petition 1: $9,748.95 (sought) – $8,624.14 (owed) = $1,124.81 (overstatement)
   2nd petition:  $9,748.95 (sought)  – $8,954.14 (owed) = $794.81 (overstatement)
   3rd petition:   $9,748.95 (sought) – $9,154.14(owed)  = $594.81 (overstatement)
   The final four understated the amount of rent due.

(d) Following the filing of the petition, Adams made rent payments and reduced his outstanding arrears but did not bring his account current before the petition was discontinued or abandon.

**Adams v. Gold & Rosenblatt, LLC, et al., No. 1:26-cv-02419-ER (S.D.N.Y.)**

Summary of Nonpayment Petitions — Amounts and Payments Per Rent Ledger

| Index No. | Date Filed | Amount Owed at Filing (per ledger, incl. filing-month rent) | Amount Sought in Petition | Date of Final Payment Before Next Petition | Outstanding Rent as of Date of Discontinuance or Abandonment of Proceeding | Rent Received Between Filing Date and Date of Final Payment Before Next Petition | Exhibit(s) for Payment Information |
|---|---|---|---|---|---|---|---|
| LT-305095-21/BX | May 24, 2021 | $8,624.14 | $9,748.95 | Sept. 16, 2021 | $7,217.38 | $6,427.04 | Ex. B [ECF 1-2] 5/1/21 |
| LT-311826-21/BX | Oct. 13, 2021 | $8,954.14 | $9,748.95 | Feb. 22, 2022 | $7,547.38 | $8,033.80 | Ex. D [ECF 1-4] 10/5/21 |
| LT-305168-22/BX | Mar. 1, 2022 | $9,154.14 | $9,748.95 | Feb. 29, 2024 | $4,700.33 | $42,786.39 | Ex. F [ECF 1-6] 3/1/22 |
| LT-309504-24/BX | Mar. 10, 2024 | $6,520.19 | $5,222.11 | Sept. 19, 2024 | $6,606.69 | $11,786.52 | Ex. H [ECF 1-8] 3/4/24 |
| LT-335961-24/BX | Oct. 10, 2024 | $6,742.69 | $1,851.92 | Mar. 17, 2025 | $6,742.69 | $10,103.16 | Ex. J [ECF 1-10] 10/10/24 |
| LT-310503-25/BX | Mar. 28, 2025 | $6,964.69 | $1,851.92 | Apr. 28, 2025 | $6,964.69 | $1,683.86 | Ex. L [ECF 1-12] 5/1/25 |
| LT-319434-25/BX | June 17, 2025 | $6,520.19 | $3,535.78 | Dec. 10, 2025* | $0.00* | $3,535.78* | Ex. N [ECF 1-14]; Ex. O [ECF 1-15]; Ex. P [ECF 1-16] |

* Seventh petition (LT-319434-25/BX): no successor petition was filed. The petition was resolved by Stipulation of Discontinuance dated December 10, 2025 (Ex. O [ECF 1-15]), which recites that the tenant "satisfied the Petition." Because the rent ledger relevant to this proceeding was not attached to the complaint, the figures for this row are derived from that stipulation: the date shown is the date of discontinuance rather than a final payment before a next petition; the outstanding rent as of that date is $0.00 (petition satisfied); and the rent received during the pendency is the $3,535.78 demanded in the petition, which the stipulation recites was satisfied.

2

### A. <u>Adams Allegations</u>

Plaintiff Kareem Adams resides in Apartment 2A at 102 West 183rd Street, Bronx.  The building is owned by Andrews 102 LLC and managed by Residential Management (NY), Inc. Complaint [ECF 1], ¶¶12-18.[1]  Adams not receive any government housing benefits or rent subsidies.

The Attorney Defendants represented the Landlord Defendants in seven nonpayment proceedings against Adams in Bronx County Housing Court between 2020 and 2025. Complaint [ECF 1], ¶¶43-118; **Exhibit** A [ECF 1-1] through **Exhibit M** [ECF 1-13]. [2]

Adams alleges that, upon service of each Housing Court petition, he "took time off from work" and made "trips to the Bronx County" civil court. He alleges "emotional distress, embarrassment, humiliation, forgone wages because of missing work, and associated transportation costs."  Complaint [ECF 1], ¶ 60 and ¶¶ 123-125. He does not allege that he paid rent in excess of the amount owed, or that he was misled by any statement in a demand letter or petition.  Complaint [ECF 1], **Exhibit P** [ECF 1-16];  **Exhibit Q** [ECF 1-17].

The Complaint pleads four claims:

First Claim: Violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq.*, against the Attorney Defendants. Complaint [ECF 1], ¶¶116-126.

Second Claim: Violation of New York General Business Law § 349(a), against all defendants. Complaint [ECF 1], ¶¶127-139.

---

[1]Underscoring indicates a hyperlink to the docket, a statute or case law.

[2]The cited Exhibits are appended to the Complaint.

Third Claim: Violation of New York Judiciary Law § 487, which provides for treble damages for egregious deceit by lawyers in connection with an action or proceeding, against the Attorney Defendants. Complaint [ECF 1], ¶¶140-144.

- and -

Fourth Claim: Gross negligence, against all defendants.  Complaint [ECF 1], ¶¶140-144.

## B.  A Landlord is Entitled to Apply All Rent Collections to the Oldest Outstanding Rent Receivables

Adams is possibly complaining that the Landlord Defendant applied collections to the older outstanding receivables.  Complaint [ECF 1], **Exhibits B** [ECF 1-2] , **D** [ECF 1-4] , **F** [ECF 1-6], **H** [ECF 1-8], **J** [ECF 1-10], **L** [ECF 1-12] and **N** [ECF 1-14].  For example, Adams' Check No. 402087, received August 17, 2022, was applied to earliest period for which no rent was received: December 2021 through June 2022.  **Exhibit B** [ECF 1-2], p. 14.

That  is standard bookkeeping practice and legal.  *AMML Realty Corp. v. Alethia Townsend*, 2019 WL 3954309, *1 (City Ct., Mount Vernon, Aug. 20, 2019) ("a tenant's most recent rental payments may be applied to the oldest outstanding amounts due*")*; *Hughes v. Wagner*, 4 A.D.2d 980, 167 N.Y.S.2d 869, 870 (3d Dept. 1957)  ("The proof disclosed that the payments of 1951 and 1952 were credited to arrearages so that the tenant was always behind in his rent. * * * . . . [I]t must be presumed that the payments would be credited against the oldest items due.");  *712 Realty, LLC v. Poliard*, 82 Misc.3d 22, 24, 204 N.Y.S.3d 375, 376-377 (App. Term, 2nd, 11th and 13th Jud. Dist. 2024)  (". . . No payment was made for January rent. Monthly payments of $1,388.76 were made in February and March, leaving tenant one month . . . , justifying the Civil Court's finding that tenant was in arrears in her rent payments by the sum of

4

$1,388.76.")

Andrew was always or nearly always behind on rent.  The rent ledgers attached to the discontinuances defendants filed in Housing Court show a perpetual  "Balance Forward" that never decreases to zero ($0.00)—there is a continuous unpaid balance from month-to-month. *E.g.*, **Exhibits B** [ECF 1-2], p. 14; **Exhibit L** [ECF 1-12], p. 3.  Adams does not allege he was ever current.  *See* Complaint [ECF 1], ¶¶49-54.

### SUMMARY OF DEFENDANTS' POSITION

Point I shows that the FDCPA claim fails because Adams cannot plausibly allege that he was deceived by, detrimentally relied upon, or was injured by any inaccuracy in either a Housing Court petition or any other statement or filing attributed to the Attorney Defendants.

Point II demonstrates that Adams fails to state a claim under General Business Law §349(b) because he cannot plausibly allege that he was deceived or misled, and because statement mad in private nonpayment proceedings are not the consumer-oriented conduct.

`Point III establishes that Adams cannot state a claim under Judiciary Law §487 because the Attorney Defendant's statements were not egregiously deceitful.

Point IV shows that the gross-negligence claim, which sounds in fraud, fails because Adams cannot allege reasonable or  detrimental reliance, and defendants do not owe him a duty of care.

Points I though IV will also identify which factual allegations are time-barred under the statute of limitations governing each cause of action.

Finally, the Court should decline to exercise supplemental jurisdiction over any state law allegations that survive the Rule 12(b)(6) motion, because those issues predominate over the

federal claims and are best resolved in the New York state courts. (Point V, *infra*.)

## ARGUMENT

### Point I

**The Alleged FDCPA Violations Do
Not State a Legally Sufficient Claims
Against the Attorney Defendants**

**A, The FDCPA Claims Are Refuted by The
Exhibits Appended to Adams' Complaint**

To plead a violation of 15 U.S.C. §1692(e), a plaintiff must allege that the defendant

made a materially misleading statement. *Cohen v. Rosicki, Rosicki & Assocs., P.C.*, 897 F.3d 75,

85-86 (2d Cir. 2018) ("The materiality requirement functions as a corollary to the

well-established proposition that '[i]f a statement would not mislead the unsophisticated

consumer, it does not violate the [FDCPA]—even if it is false in some technical sense.'")

Adams' allegations are defeated the information on the **Table** set forth at page 2, *supra*,

which is based solely on the exhibits to the Complaint.  *Chambers v. Time Warner, Inc.*, 282

F.3d 147, 152-153 (2d Cir. 2002) ("the complaint is deemed to include any written instrument

attached to it as an exhibit"); *DiFolco v. MSNBC Cable L.L.C.*, 622 F.3d 104, 111 (2d Cir. 2010)

("In considering a motion . . . pursuant to Rule 12(b)(6), a district court may consider . . .

documents incorporated by reference in the complaint.")

The T**able** on page 2, *supra* shows that: (a) Adams owed substantial amounts of rent; (b)

that he reduced the amount of back rent owed during the pendency of each Housing Court

proceeding; and (c) at the time when each proceeding was concluded he still owed rent.

As the **Table** on page 2 shows,  the only inaccuracies were in the amounts demanded in the petition were:

| Index No. | Filing Date | Amt. Due | Amount Demand**ed** |
|---|---|---|---|
| LT-305095-21/BX | May 24, 2021 | $8,624.14 | $9,748.95 |
| LT-311826-21/BX | Oct. 13, 2021 | $8,954.14 | $9,748.95 |
| LT-305168-22/BX | Mar. 1, 2022 | $9,154.14 | $9,748.95 |

These discrepancies did not mislead Adams, cause him to incur additional expense or cause him to over pay.  A the conclusion of each housing court proceedings, Adams will still behind on his rent, as shown below:

| Index No. | Date Filed | Outstanding Rent as of Date of Discontinuance or Abandonment of Proceeding | Exhibit(s) |
|---|---|---|---|
| LT-305095-21/BX | May 24, 2021 | $7,217.38 | Ex. B [ECF 1-2]  5/1/21 |
| LT-311826-21/BX | Oct. 13, 2021 | $7,547.38 | Ex. D [ECF 1-4]  10/5/21 |
| LT-305168-22/BX | Mar. 1, 2022 | $4,700.33 | Ex. F [ECF 1-6]  3/1/22 |
| LT-309504-24/BX | Mar. 10, 2024 | $6,606.69 | Ex. H [ECF 1-8]  3/4/24 |
| LT-335961-24/BX | Oct. 10, 2024 | $6,742.69 | Ex. J [ECF 1-10]  10/10/24 |
| LT-310503-25/BX | Mar. 28, 2025 | $6,964.69 | Ex. L [ECF 1-12]  5/1/25 |

These discrepancies in between the actual amount of rent owed and that demand in the first three petitions are not actionable sine they did not mislead Adams or harm him.  *Cohen v. Rosicki, Rosicki & Assocs.*, P.C., 897 F.3d at 85 (2d Cir. 2018) ("'mere technical falsehoods that mislead no one' are immaterial and consequently not actionable under §1692e" (internal citation omitted)); *Gabriele v. American Home Mortgage Servicing, Inc.*, 503 F. Appx 89, 94 (2d Cir. 2012) (technically false or inaccurate statements in collection/litigation filings that are not materially misleading and cause no prejudice to the least sophisticated consumer are not

7

actionable under §1692e).

Since the summaries attached to the dicontinuances are not rent demands or petitions,

Adams couldn't possible have relied on them. Under *Cohen*, *supra*, and *Gabriele*, *supra*, the

discontinuance do not support an FDCPA claim.

### B.  Adams Admits that He Was Not Misled
     by the Housing Court Petitions

Adams does not allege that he was misled by the Housing Court petitions. Instead, he

claims he would "promptly go to court the court clerk with proof of payment." Complaint [ECF

1], p. 2.  These admissions are fatal to any claim of material misrepresentation upon which

Adams detrimentally relied.  *Cohen*, *supra*

### C.  The Pleaded Allegation of Travel Expenses
     and Lost Time Don't Sufficiently Allege
     Standing or Injury under the FDCPA

 "Only those plaintiffs who have been concretely harmed by a defendant's statutory

violation may sue that private defendant over that violation in federal court." *TransUnion LLC v.*

*Ramirez*, 594 U.S. 413, 427 (2021).

Adams lacks standing to sue since cannot alleged a concrete, particularized injury

traceable to any communication by the Attorney Defendants.  Of the seven petitions, Adams

answered only two, *i.e.*, the fifth (*see* **Exhibit J** [ECF 1-10] and **Exhibit K** [ECF 1-11]) and the

seventh (*see* **Exhibit L** [ECF 1-12] and **Exhibit M** [ECF 1-13]).   Complaint [ECF 1], ¶¶82-118.

Only the seventh required a court appearance; the first six were concluded without the filing of

an answer.  *Id.*

Adams pleads no facts identifying what work days he missed or what transportation cost

he incurred.   Complaint [ECF1], ¶ 125.   Even if Adams hadn't owed any rent—in truth, he was always behind—the five petitions he didn't respond to didn't cost him time or money or time. Adams also fails to detail, document, itemize, total or specify the alleged costs, expenses and lost time attributed to the two petitions he did answer, and his single appearance before a Housing Court judge.  *Calcano v. Swarovski N. Am. Ltd.,* 36 F. 4th 68, 75 (2d Cir. 2022) (plaintiffs must plead enough factual matter to plausibly establish injury; "naked assertion[s] devoid of further factual enhancement" do not suffice); *John v. Whole Foods Mkt. Grp., Inc.*, 858 F.3d 732, 737 (2d Cir. 2017) (a plaintiff must allege facts that "affirmatively and plausibly suggest that [he] has standing to sue"  and "naked assertions"do not satisfy that burden).

Time and expense in responding to a communications, without more, do not confer standing to sue under the FDCPA.  *Gomez v. Resurgent Capital Servs., L.P.*, 129 F. Supp. 3d 147, 153 (S.D.N.Y. 2015).  *See also: Cavazzini v. MRS Assocs.*, 574 F. Supp. 3d 134, 143 (E.D.N.Y. 2021) (dismissing FDCPA claim because "where—as here—the related injury does not itself support standing, the alleged wasted time cannot alone meet the requirement[]").

**C.   Adams' Vague Claims that the FDCPA Violations Caused Emotional Injury Are Insufficient as a Matter of Law**

Adams' vague allegation s of emotional distress do not satisfy the standing requirement. *Maddox v. Bank of N.Y. Mellon Trust Co.*, 19 F.4th 58, 64 (2d Cir. 2021) ("perfunctory allegation of emotional distress" is insufficient); *Wadsworth v. Kross, Lieberman & Stone, Inc.*, 12 F. 4th 665, 668 (7th Cir. 2021) ("psychological states induced by a debt collector's letter . . . are not concrete"); *Snyder v. LVNV Funding LLC*, 2023 WL 1109645 (S.D.N.Y. Jan. 30, 2023) (confusion and unrealized risk of harm are the "'nebulous risk of future harm' that TransUnion

rejects")

## C.  The FDCPA Claims Based on the First Through
    Fourth Housing Court  Petitions  Are Time Barred

An FDCPA claim must be brought "within one year from the date on which the violation

occurs." 15 U.S.C. §1692k(d);  *Rotkiske v. Klemm*, 589 U.S. 8, 13-14 (2019).

In determining timeliness, each Housing Court proceeding is considered a discrete

violation that accrues on filing, and continued prosecution of the same proceeding does not

restart the clock or delay accrual of the claim.  *Benzemann v. Houslanger & Assocs., PLLC*,(2d

Cir. 2019).  Adams filed this action on March 24, 2026. Any petition filed before March 24, 2025

is untimely. That time-bars the FDCPA claim to the extent it is based on the first five petitions,

which were all filed no later than 2024. Complaint [ECF 1], ¶19).

### Point II
### Adams Fails to State A Claim for Which
### Relief Can Be Granted under GBL §349(b)

## A. Adams Has Failed to Allege Consumer-Oriented Conduct

GBL 349(a)  is "directed at wrongs against the consuming public," not "private disputes

unique to the parties." *Matos v. Kucker & Bruh, LLP*, 2007 WL 4639455, *4 (Sup. Ct., New

York Co. Dec. 28, 2007); *accord: Manchanda v. Educational Credit Mgmt. Corp.*, 2022 WL

137885, *3 (S.D.N.Y. Jan. 14, 2022)).  The First Department holds that GBL §349(b) does not

reach "private disputes between landlords and tenants." *Aguaiza v. Vantage Properties, LLC*, 69

A.D.3d 422, 423, 893 N.Y.S.2d 19, 20 (1st Dept. 2010).  *Collazo v. Netherland Property Assets*

*LLC*  35 N.Y.3d 987, 991, 125 N.Y.S.3d 337, 339 (2020).

The Housing Court petitions against Adams are not are not actionable under GBL

10

§349(b) since they concern "a disputed private transaction [that] does not have ramifications for the public at large." *Cohen v. Transp. Ins. Co.*, 2011 WL 3650284,  *5 (N.D.N.Y. Aug. 18, 2011).  *Caldwell v. Gutman, Mintz, Baker & Sonnenfeldt, P.C.*, 701 F. Supp. 2d 340, 355 (E.D.N.Y. 2010) (allegedly false representations "in the civil court litigation" are "not the deceptive, consumer-oriented conduct that GBL §349(b) is intended to address");  *Finch v. Slochowsky & Slochowsky, LLC*, 2020 WL 5848616, *6 (E.D.N.Y. Sept. 30, 2020) (non-payment and eviction proceeding did not involve consumer-oriented conduct).

Adams' boiler plate assertion that Defendants acted "systematically" and that their conduct "has a broad impact on consumers at large" (Complaint [ECF 1], ¶129, ¶133) are irrelevant, as is the allegation that Defendants engaged in "the same misconduct as to other tenants" (Complaint [ECF 1], ¶152).  *Brake v. Slochowsky & Slochowsky, LLP*, 504 F. Supp. 3d 103, 115 (E.D.N.Y. 2020) (dismissing §349(b) claim since "concrete allegations concerning similar conduct aimed at an appreciable number of other tenants" were required).  *See also: Finch*, *supra*, 2020 WL 5848616,  *18 ("the number of eviction actions filed by a law firm, without more, does not enable a court to draw the reasonable inference that defendants are engaged in a pattern of misconduct involving other tenants")

### B.  The Record Establishes that the Petitions Were Not Misleading

A §349(b) deceptive act is one "likely to mislead a reasonable consumer acting reasonably under the circumstances." *Chufen Chen v. Dunkin' Brands, Inc.*, 954 F.3d 492, 500 (2d Cir. 2020) (quoting *Fink v. Time Warner Cable*, 714 F.3d 739, 741 (2d Cir. 2013)).   As shown in Points I-(A) and I-(B), *supra*, and by the **Table** on page 2, *supra*, Adams was not

misled or deceived by the Housing Court petitions or the summary of outstanding charges stated in the discontinuances. *Lautman v. 2800 Coyle St. Owners Corp.*, 2014 WL 2200909, at \*8 (E.D.N.Y. May 23, 2014) (dismissing GBL §349(b) claim where "plaintiff does not assert that he himself was in any way misled by the allegedly false rent arrears and other charges claimed by defendants in the Housing Court proceedings").

**C. The GBL §349(a) A Claims Based
on the  First Through Third Housing
Court Petitions Are Time Barred**

A GBL §349(b) claim  is governed by a three-year limitations period under CPLR 214(2). *Gaidon v. Guardian Life Ins. Co. of Am.*, 96 N.Y.2d 201, 210, 727 N.Y.S.2d 30, 35 (2001). The claim accrues when the plaintiff is injured by the deceptive act, and continuing or repeated conduct does not extend the period or revive an act that injured the plaintiff more than three years before suit. *Corsello v. Verizon N.Y., Inc.*, 18 N.Y.3d 777, 789-790,  944 N.Y.S.2d 732, 739-740 (2012). The GBL §349(b) claims based on the first three petitions— filed in November 2020, April 2021, and February 2022— are time barred.

**Point III**

**Adams Can't State a Claim
Under Judiciary Law §487**

A claim under Judiciary Law §487 requires that the plaintiff allege that the defendant "(1) [is] guilty of deceit or collusion, or consent[ed] to any deceit or collusion; and (2) had an intent to deceive the court or any party." *Amalfitano v. Rosenberg*, 12 N.Y.3d 8, 14,  874 N.Y.S.2d, 868, 871 (2009).

12

**A.   Adams Can't Plausibly Allege**
**Egregious Attorney Deceit**

To state a claim under §487, the plaintiff must allege "egregious conduct." *Kaufman v. Moritt Hock & Hamroff, LLP*, 192 A.D.3d 1092, 1093 (2d Dep' 2021).  Allegations of chronic or recurring conduct are not sufficient. *Bill Birds, Inc. v. Stein Law Firm, P.C.*, 164 A.D.3d 635, 637, 82 N.Y.S.3d 91, 93 (2d Dept. 2018),  *aff'd*, 35 N.Y.3d 173, 93 N.Y.S.3d 259 (2020).

Where attorneys prosecuted similar routine suits against similarly-situated consumers or tenants, the multiple lawsuits do not satisfy the egregiousness requirement.   In *Brake*, *supra*, the commencement by defendants of numerous Housing Court petitions against various tenants was held not to support an inference of deliberate deceit.  504 F. Supp. 3d at 116-117.  *See also: Remler v. Cohen Elder Law, PLLC*,  2022 WL 4586243, *7 (E.D.N.Y. Sept. 29, 2022)  (filing of 490 lawsuits against consumers "alleging similar claims 'upon information and belief,' standing alone" was not legally sufficient under Judiciary Law §487).

**B.   Adams Hasn't Alleged Pecuniary**
**Damages, as Required Under §487**

Adams' alleged non-pecuniary injuries—emotional distress, embarrassment and elevated blood pressure—are not sufficient to state a §487 claim. *Melcher v. Greenberg*, 135 A.D.3d 547, 24 N.Y.S.3d at 254-255 (1st Dept. 2018), held that §487 "entitles [plaintiff] to a recovery based only on the excess legal costs he incurred . . . proximately caused by [the] alleged deceit[.]" 135 A.D.3d at  552, 24 N.Y.S.3d at 254-255   *Amalfitano v. Rosenberg*, *supra*, 12 N.Y.3d at 14, 874 N.Y.S.2d at 871

held that legal fees and litigation expenses were the sort of injury proximately caused by attorney deceit.  Section 487's imposition of treble damages presumes that the injury is both monetary and

13

susceptible of precise determination.

*Kaiser v. Van Houten*, 12 A.D.3d 1012, 785 N.Y.S.2d 569 (4th Dept. 2004) dismissed a

§487 claim as "nonexistent in the absence of sustainable compensatory damages," based on the

reasoning that "emotional damages are not recoverable within the context of a legal malpractice

action[.]" 12 A.D.3d at 1014, 785 N.Y.S.2d at 571. *See also: Wolkstein v. Morgenstern*, 275

A.D.2d 635, 637, 713 N.Y.S.2d 171, 173 (1st Dept. 2000) ("[a] cause of action for legal

malpractice does not afford recovery for any item of damages other than pecuniary loss so there

can be no recovery for emotional or psychological injury")

## Point IV

## The Gross Negligence Claims Should Be Dismissed

### A. Adams Can't Plausibly Allege Detrimental Reliance or That He Was Misled

Since Adams' gross-negligence claims sound in fraud, they must be dismissed since he

can't plausibly alleged detrimental reliance. *Rotterdam Ventures, Inc. v. Ernst & Young LLP*,,

300 A.D.2d 963, 965, 752 N.Y.S.2d 746, 748 (3d Dept. 2002) (when a plaintiff pleads gross

negligence based on deceptive conduct, the claim "sound[s] in fraud" and must satisfy all fraud

elements including justifiable reliance); *Water Street Leasehold LLC v. Deloitte & Touche LLP*,

19 A.D.3d 183, 185-186, 796 N.Y.S.2d 598, 600 (1st Dept. 2005) (even if a separate gross

negligence cause of action exists, "inability to demonstrate detrimental reliance" required

dismissal).

### B. Neither the Landlord Defendants Nor the Attorney Defendants Owed Adams A Duty of Care

Adams' gross negligence claims must also be dismissed since neither the Landlord

14

Defendants nor the Attorney Defendants owed him a duty of care.  *National Westminster Bank USA v. Weksel*, 124 A.D.2d 144, 146 (1st Dept. 1987) (attorneys do not owe a duty of care to its client's adversary); *Torres v. Steven J. Baum, P.C.,* 2011 WL 2610088, *5 (N.D.N.Y., June 24, 2021) (negligence claim by creditor against consumer dismissed since  the duty "to determine correct balances before commencing a lawsuit. . . springs from the. . . contractual relationship").

**Point V**

**The Court Should Decline to Exercise Supplemental
Jurisdiction Over the Allegations that Will Remain
Following Determination of the Rule 12(b)(6) Motion**

**A.  To the Extent the Court Does Not Dismiss the Deceit
Allegations Pursuant to Rule 12(b)(6), it Should
Decline Supplemental Jurisdiction Over Them
in Accordance with 28 U.S.C. §1367(c)(2)**

28 U.S.C. §1367(c)(2) provides that the Court may decline to enter supplemental jurisdiction over state court claims that "substantially predominate[] over the claim or claims over which the district court has original jurisdiction."

"[T]he facts material to the GBL [§349] claim are indeed much broader in scope than those that support the FDCPA claim. The threshold issue to be determined in the GBL claim is whether the conduct at issue is 'consumer oriented.'" *Dzganiya v. Cohen Ehrenfeld Pomerantz & Tenenbaum, LLP*,  2018 WL 2247206, *8 (S.D.N.Y., May 16, 2018).   In *Dzganiya*, since the additional evidence required under GBL §349(b) to establish determine whether the challenged business practices affected the public, "[r]esolution of the FDCPA claim . . . would not decide the GBL claim."  *Id.* at *10.

In *Lautman v. 2800 Coyle St. Owners Corp.*, 2014 WL 2200909, *8 (E.D.N.Y., May 23,

15

2014), *supra*, the Court first granted the landlord a Rule 12(b)(6) dismissal of deceit-based GBL §349(b) allegations arising from the same housing court case at issue in the FDCPA claims against his lawyers. *Lautman* then declined under §1367(c)(2) to assume supplemental jurisdiction of the remaining GBL §349(b) allegations since they "substantially predominated over" the FDCPA claim and concerned events continuing over a longer period of time, *Lautman* reasoned:

> An evaluation of plaintiff's [non-housing court] section 349 claims would require the court to examine the conduct of the defendants against whom the federal claims have been dismissed spanning a substantially longer period of time and involving numerous rent bills and letters sent by those defendants as well as their alleged actions subsequent to the voluntary dismissal of the relevant Housing Court proceeding.

*Id.* Here, too, the FDCPA claims concern only the fifth through seventh housing court petitions, while, because of the longer limitations period, the GBL §349(b) and Judiciary Law §487 claims require proof of additional and earlier events.

Similarly, in *Hernandez v. Mauzone Home Kosher Prods. of Queens, Inc.*, 2013 WL 5460196, *6 (E.D.N.Y. Sept. 25, 2013) the Court declined to exercise supplemental jurisdiction over claims alleging violation of State and NYC age discrimination statutes since they "require[d] significantly more proof" than the federal Fair Labor Standards Act claim to which they were appended. *Cf. Lyon v. Whisman*, 45 F.3d 758, 762 (3d Cir. 1995) (declining supplemental jurisdiction over breach of contract claim concerning promised bonus since relevant facts were "quite distinct" from the FLSA allegations).

The outcome is the same if the allegations remaining following the Rule 12(b)(6) determination are viewed as a sounding in gross negligence claim, rather than one under §349.

16

*Town of Oyster Bay v. Northrop Grumman System Corp.*, 2010 WL 11623604, *3 (E.D.N.Y., May 21, 2010) (declining supplemental jurisdiction under §1367(c)(2) since the "state claims for negligence, ultra-hazardous and/or abnormally dangerous activities, unjust enrichment and contribution differ in proof and scope in comparison to defendants' CERCLA claims"); *Eng v. Pacific Clinics,* 2013 WL 12129611, *6 (C.D. Cal., May 17, 2013) (declining supplemental jurisdiction under §1367(c)(2) since, compared to the §1983 allegations, "the state law claims raise a much wider scope of issues, including negligence"); *Cavender v. Sutter Lakeside Hosp., Inc.*, 2005 WL 2171714, *6 (N.D. Cal, Sept. 6, 2005) (declining supplemental jurisdiction over a negligence claim involving an entire course of treatment as "significantly broader than" the Emergency Medical Treatment and Labor Act claim that was based "exclusively on events that occurred in the early hours of August 1, 2003").

For these same reasons, if the FDCPA claim is dismissed, the Court should also decline to exercise supplemental jurisdiction over at the Judiciary Law §487 claim. *Knopf v. Esposito*, 2017 WL 6210851, *3 (S.D.N.Y., Dec. 7, 2021), *rev'd on other grounds*, 803 Fed.Appx. 848 (2d Cir. 2020) (declining supplemental jurisdiction over §487 claim after dismissal of federal civil rights claim)

**B. To the Extent the Court Does Not Dismiss the Deceit Allegations Pursuant to Rule 12(b)(6), it Should Decline Supplemental Jurisdiction Over Them in Accordance with 28 U.S.C. §1367(c)(1)**

28 U.S.C. §1367(c)(1) permits the Court to decline supplemental jurisdiction where the state court claim "raises a novel or complex issue of State law[.]"

The First Department has held on at least two occasions that GBL §349(b) does not

apply to "private disputes between landlords and tenants." *Aguaiza v. Vantage Properties, LLC*, 69 A.D.3d 422, 423, 893 N.Y.S.2d 19, 20 (1st Dept. 2010).  In *Collazo v. Netherland Property Assets LLC*, 155 A.D.3d 538, 64 N.Y.S.3d 537 (1st Dept.  2017), the First Department adhered to *Aguaiza*.  The First Department approach has been applied in the trial Courts.  *People by Latisha James v. River Valley Estates, LLC*, 2025 WL 2970801,*14 (Sup. Ct., Sullivan Co., Oct. 14, 2025) ("[Since petitioners do not allege that respondents' conduct was aimed at any persons with whom respondents did not already have a contractual relationship, . . . petitioner has not sufficiently met the first prong of proof required to maintain its action pursuant to Section 349[.]")

By contrast, the Second Department holds that allegations that a landlord sued for "more than the amount owed and misrepresent[ed] the amount owed to the court" states a claim under GBL §349.  *Calixto v. A. Balsamo & Rosenblatt, P.C.*, 244 A.D.3d 674, 677, 246 N.Y.S.3d 446, 450 (2d Dept. 2025).

If the deceit allegations are not dismissed under Rule 12(b)(6), *see* Point I, *supra*, the Court should decline supplemental jurisdiction under §1367(c)(1) since the conflict between the First and Second Department approaches should be resolved in the New York state courts. *Heard v. MTA North Commuter R. Co.*. 2003 WL 22176008, *5 (S.D.N.Y., Sept. 22, 2003) (declining supplemental jurisdiction based on "the dispute among state courts over the proper standard for individual liability under the New York State Human Rights Law"); *Cherensky v. New York Life Ins. Co.*, 942 F.Supp.2d 388, 395 (S.D.N.Y., Mar. 11, 2013) ("comity is especially implicated when state law has not been definitively interpreted by the state courts").

## CONCLUSION

For the foregoing reasons, the complaint should be dismissed in its entirety and with

prejudice, and the Court should decline to exercise supplemental jurisdiction over any state

law allegations that survive the motion to dismiss.

Dated:  New York, New York          Berry Law PLLC
      July 13, 2026              /s/Eric W. Berry
                           By: _____
                            Eric W. Berry [NY2069524]
                       *Attorney for defendants*
                       745 Fifth Avenue, 5th Floor
                       New York, New York   10151
                       (212) 355-0777