CIVIL COURT OF CITY OF NEW YORK
COUNTY OF BRONX HOUSING PART

Index No. L/T

ANDREWS 102 LLC

*Petitioner (Landlord),*

against

KAREEM ADAMS

*Respondent (Tenant)*

**NON-PAYMENT**

**PETITION DWELLING**

Address:

102 WEST 183RD STREET
APT. 2A
BRONX , NY 10453

THE PETITION OF ANDREWS 102 LLC, the Owner\landlord alleges, upon information and belief:

1. Petitioner(s) is(are) the landlord(s) of the premises.

2. Respondent(s) KAREEM ADAMS, is(are) tenant(s) in possession of said premises pursuant to a(n) WRITTEN lease agreement wherein respondents promised to pay to landlord or landlord(s) predecessor as rent $1,683.86 each month in advance on the 1ST day of each month.

3. Respondent(s) are now in possession of said premises.

4. The premises are the residence of the tenant(s) and the undertenant(s) herein.

5. The premises for which removal is sought was rented for Dwelling purposes and are described as follows: All Rooms, Apartment # 2A in the building known as 102 West 183rd Street Bronx, NY 10453, situated within the territorial jurisdiction of this Court.

6. Pursuant to said agreement there was due from respondent tenant(s), the sum of $3,535.78 in rent and additional rent as follows:

| | |
|---|---|
| Feb 26 | $1,683.86 |
| Jan 26 | $1,683.86 |
| Dec 25 | $168.06 |

**7. The premises are subject to The Rent Stabilization Law of 1969 as amended, and have been duly registered with the NY State Division of Housing and Community Renewal -DHCR- and the rent demanded herein does not exceed the registered rent and does not exceed the lawful rent stabilized rent.**

8. Said rent has been demanded from the tenant since same became due by a fourteen day written-notice, a copy of which, with proof of service is annexed hereto.

9. Respondent(s) have defaulted in the payment thereof and continue in possession of premises without permission after said default.

10. The premises are a multiple dwelling and pursuant to the Housing Maintenance Code Article 41 there is a currently effective registration statement on file with the Office of Code Enforcement which designates the managing agent named below, a natural person over 21 years of age, to be in control of and responsible for the maintenance and operation of the dwelling.

**AGENT:** Ezriel Weinberger. 1651 CONEY ISLAND AVE BROOKLYN, NY 11230
**Multiple Dwelling No. 200299**

WHEREFORE, Petitioner requests a final judgment against respondents(s) for the rent demanded therein, awarding possession of the premises to the petitioner landlord, and directing the issuance of a warrant to remove respondent(s) from possession of the premises together with the costs and disbursements of this proceeding.

ANDREWS 102 LLC, Dated March 18, 2026

STATE OF NEW YORK, COUNTY OF BRONX
The Undersigned affirms under penalty of perjury that he is one of the attorneys for the petitioner, that he has read the foregoing petition and knows the contents thereof: that the same are true to his own knowledge except as to matters stated to be upon information and belief: and as to those matters he believes them to be true. The grounds of his belief as to matters not stated upon his knowledge are statements and/or records provided by the petitioner, its agents and/or employees and contained in the file in the Attorney's office. Petitioner is not in the County in which Attorney's office is located. This verification is made pursuant to the provisions of RPAPL 741.

Randi Rosenblatt

Dated: March 18, 2026 RANDI ROSENBLATT, Esq

Gold & Rosenblatt LLC
Attorneys for Petitioner-Landlord
840 Grand Concourse
Bronx, NY 10451
(718) 585-2511

**FOURTEEN (14) DAY NOTICE**

TO: KAREEM ADAMS
102 WEST 183RD STREET, Apt. 2A
BRONX, NY 10453

**PLEASE TAKE NOTICE** that you are hereby required to pay to ANDREWS 102 LLC landlord of the above described Premises, the sum of $5,219.64 for rent of the premises as follows:

| | |
|---|---|
| FEB26 | $1,683.86 |
| JAN26 | $1,683.86 |
| DEC25 | $1,683.86 |
| NOV25 | $168.06 |

You are required to pay within FOURTEEN (14) days from the day of service of this notice, on or before 03/14/2026 or give up possession of the premises to the landlord. If you fail to pay or give up the premises the landlord will commence summary proceedings against you to recover possession of the premises.

Dated: February 17, 2026 ANDREWS 102 LLC , Landlord

**NOTA DE CATORCE DIAS**

**POR FAVOR SIRVASE TOMAR NOTA** de que usted es requerido, por este medio, de pagar a ANDREWS 102 LLC duena de les propiedades arriba descritas por la suma de $5,219.64 por la renta de las propiedades

| | |
|---|---|
| FEB26 | $1,683.86 |
| JAN26 | $1,683.86 |
| DEC25 | $1,683.86 |
| NOV25 | $168.06 |

Usted es requerido de pagar dentro de los CATORCE (14) dias a continuacion de recibir esta nota o antes de 03/14/2026 o entregar al dueno la posesion de dichas propiedades. Si usted falla en pagar o en entregar las propiedades, la duena de las propiedades se vera oblidada a proceder legalmente para recuperar la posesion de la dichas propiedades.

ANDREWS 102 LLC , Landlord

Dated/Fechado: February 17, 2026

DR01 -33 -2A FILE NO: 184069

## NOTICE TO TENANT OF APPLICABILITY OR INAPPLICABILITY OF THE NEW YORK STATE GOOD CAUSE EVICTION LAW

This notice from your landlord serves to inform you of whether or not your unit/apartment/home is covered by the New York State Good Cause Eviction Law (Article 6-A of the Real Property Law) and, if applicable, the reason permitted under the New York State Good Cause Eviction Law that your landlord is not renewing your lease. Even if your apartment is not protected by Article 6-A, known as the New York State Good Cause Eviction Law, you may have other rights under other local, state, or federal laws and regulations concerning rents and evictions. This notice, which your landlord is required to fill out and give to you, does not constitute legal advice. You may wish to consult a lawyer if you have any questions about your rights under the New York State Good Cause Eviction Law or about this notice.

NOTICE (THIS SHOULD BE FILLED OUT BY YOUR LANDLORD)
UNIT INFORMATION
STREET:
102 WEST 183RD STREET
UNIT OR APARTMENT NUMBER:
2A
CITY/TOWN/VILLAGE:
BRONX
STATE:
NEW YORK
ZIP CODE:
10453

1. IS THIS UNIT SUBJECT TO ARTICLE 6-A OF THE REAL PROPERTY LAW, KNOWN AS THE NEW YORK STATE GOOD CAUSE EVICTION LAW? (PLEASE MARK APPLICABLE ANSWER)

YES ____
NO X

2. IF THE UNIT IS EXEMPT FROM ARTICLE 6-A OF THE REAL PROPERTY LAW, KNOWN AS THE NEW YORK STATE GOOD CAUSE EVICTION LAW, WHY IS IT EXEMPT FROM THAT LAW? (PLEASE MARK ALL APPLICABLE EXEMPTIONS)

A. Village/Town/City outside of New York City has not adopted good cause eviction under section 13 of the Real Property Law ________;

B. Unit is owned by a "small landlord," as defined in subdivision 3 of section 211 of the Real Property Law, who owns no more than 10 units for small landlords located in New York City or the number of units established as the maximum amount a "small landlord" can own in the state by a local law of a village, town, or city, other than New York City, adopting the provisions of Article 6-A of the Real Property Law, known as the New York State Good Cause Eviction Law, or no more than 10 units, as applicable. In connection with any eviction proceeding in which the landlord claims an exemption from the provisions of Article 6-A of the Real Property Law, known as the New York State Good Cause Eviction Law, on the basis of being a small landlord, the landlord shall provide to the tenant or tenants subject to the proceeding: the name landlord, the name of each natural person who owns or is a beneficial owner of, directly or indirectly, in whole or in part, the housing accommodationat issue in the proceeding, the number of units owned, jointly or separately, by each such natural person owner, and the addresses of any such units, excluding each natural person owner's principal residence. If the landlord is an entity, organized under the laws of this state or of any other jurisdiction, then such landlord shall provide to the tenant or tenants subject to the proceeding the name of each natural person with a direct or indirect ownership interest in such entity or any affiliated entity the number of units owned, jointly or separately, by each such natural person owner, and the addresses of any such units, excluding each natural person owner's principal residence (exemption under subdivision 1 of section 214 of the Real Property Law) ________;

C. Unit is located in an owner-occupied housing accommodation with no more than 10 units (exemption under subdivision 2 of section 214 of the Real Property Law) ______;

DR01 - 33 - 2A FILE NO: 84069

D. Unit is subject to regulation of rents or evictions pursuant to local, state, or federal law (exemption under subdivision 5 of section 214 of the Real Property Law) ___X___;

E. Unit must be affordable to tenants at a specific income level pursuant to statute, regulation, restrictive declaration or pursuant to a regulatory agreement with a local, state, or federal government entity (exemption under subdivision 6 of section 214 of the Real Property Law) _______;

F. Unit is on or within a housing accommodation owned as a condominium or cooperative, or unit is on or within a housing accommodation subject to an offering plan submitted to the office of the attorney general (exemption under subdivision 7 of section 214 of the Real Property Law) _______ ;

G. Unit is in a housing accommodation that was issued a temporary or permanent certificate of occupancy within the past 30 years (only if building received the certificate on or after January 1st, 2009)(exemption under subdivision 8 of section 214 of the Real Property Law) _______;

H. Unit is a seasonal use dwelling unit under subdivisions 4 and 5 of section 7-108 of the General Obligations Law (exemption under subdivision 9 of section 214 of the Real Property Law) _______ ;

I. Unit is in a Hospital as defined in subdivision 1 of section 2801 of the Public Health Law, continuing care retirement community licensed pursuant to Article 46 or 46-A of the Public Health Law, assisted living residence licensed pursuant to Article 46-B of the Public Health Law, adult care facility licensed pursuant to Article 7 of the Social 44 Services Law, senior plan to the attorney general, or not-for-profit independent retirement community that offers personal emergency response, housekeeping, transportation and meals to their residents (exemption under subdivision 10 of section 214 of the Real Property Law) _______ ;

J. Unit is a manufactured home located on or in a manufactured home park as defined in section 233 of the Real Property Law (exemption under subdivision 11 of section 214 of the Real Property Law) _______;

K. Unit is a hotel room or other transient use covered by the definition of a class B multiple dwelling under subdivision 9 of section 4 of the Multiple Dwelling Law (exemption under subdivision 12 of section 214 of the Real Property Law) _______;

L. Unit is a dormitory owned and operated by an institution of higher education or a school (exemption under subdivision 13 of section 214 of the Real Property Law) ______;

M. Unit is within and for use by a religious facility or institution (exemption under subdivision 14 of section 214 of the Real Property Law) _______;

N. Unit has a monthly rent that is greater than the percent of fair market rent established in a local law of a village, town, or city, other than New York City, adopting the provisions of Article 6-A of the Real Property Law, known as the New York Good Cause Eviction Law, or 245 percent of the fair market rent, as applicable. Fair market rent refers to the figure published by the United States Department of Housing and Urban Development, for the county in which the housing accommodation is located, as shall be published by the Division of Housing and Community Renewal no later than August 1st in any given year. The Division of Housing and Community Renewal shall publish the fair market rent and 245 percent of the fair market rent for each unit type for which such fair market rent is published by the United States Department of Housing and Urban Development for each county in New York State in the annual publication required pursuant to subdivision 7 of section 211 of the Real Property Law (exemption under subdivision 15 of section 214 of the Real Property Law) _______;

3. IF THIS UNIT IS SUBJECT TO ARTICLE 6-A OF THE REAL PROPERTY LAW, KNOWN AS THE NEW YORK STATE GOOD CAUSE EVICTION LAW, AND THIS NOTICE SERVES TO INFORM A TENANT THAT THE LANDLORD IS INCREASING THE RENT ABOVE THE THRESHOLD FOR PRESUMPTIVELY UNREASONABLE RENT INCREASES, WHAT IS THE LANDLORD'S JUSTIFICATION FOR INCREASING THE RENT ABOVE THE THRESHOLD FOR PRESUMPTIVELY UNREASONABLE RENT INCREASES? (A rent increase is presumptively unreasonable if the increase from the prior rent is greater than the lower of: (a) 5 percent plus the annual percentage change in the consumer price index for all urban consumers for all items as published by the United States Bureau of Labor Statistics for the region in which the housing accommodation is located, as published not later than August 1st of each year by the Division of Housing and Community Renewal; or (b) 10 percent.) (PLEASE MARK AND FILL OUT THE APPLICABLE RESPONSE)

A. The rent is not being increased above the threshold for presumptively unreasonable rent increases described above: _______;

B. The rent is being increased above the threshold for presumptively unreasonable rent increases described above: : _______;

DR01 - 33 - 2A FILE NO:184069

B-1. If the rent is being increased above the threshold for presumptively unreasonable rent increases described above, what is the justification for the increase: ____________________

______________________________________________________________________

______________________________________________________________________

______________________________________________________________________

______________________________________________________________________

4. IF THIS UNIT IS SUBJECT TO ARTICLE 6-A OF THE REAL PROPERTY LAW, KNOWN AS THE NEW YORK STATE GOOD CAUSE EVICTION LAW, AND THIS NOTICE SERVES TO INFORM A TENANT THAT THE LANDLORD IS NOT RENEWING A LEASE, WHAT IS THE GOOD CAUSE FOR NOT RENEWING THE LEASE? (PLEASE MARK AND FILL OUT THE APPLICABLE RESPONSE)

A. This unit is exempt from Article 6-A of the Real Property Law, known as the New York State Good Cause Eviction Law, for the reasons stated in response to question 2, above (IF THIS ANSWER IS CHECKED, NO OTHER ANSWERS TO THIS QUESTION SHOULD BE CHECKED): ________;

B. The tenant is receiving this notice in connection with a first lease or a renewal lease, so the landlord does not need to check any of the lawful reasons listed below for not renewing a lease under Article 6-A of the Real Property Law, known as the New York State Good Cause Eviction Law (IF THIS ANSWER IS CHECKED, NO OTHER ANSWERS TO THIS QUESTION SHOULD BE CHECKED) ________;

C. The landlord is not renewing the lease because the unit is sublet and the sublessor seeks in good faith to recover possession of the unit for their own personal use and occupancy (exemption under subdivision 3 of section 214 of the Real Property Law): ________;

D. The landlord is not renewing the lease because the possession, use or occupancy of the unit is solely incident to employment and the employment is being or has been lawfully terminated (exemption under subdivision 4 of section 214 of the Real Property Law): ________;

E. The landlord is not renewing the lease because the tenant has failed to pay rent due and owing, and the rent due or owing, or any part thereof, did not result from a rent increase which is unreasonable. A rent increase is presumptively unreasonable if the increase from the prior rent is greater than the lower of: (a) 5 percent plus the annual percentage change in the consumer price index for all urban consumers for all items as published by the United States Bureau of Labor Statistics for the region in which the housing accommodation is located, as published not later than August 1st of each year by the Division of Housing and Community Renewal; or (b) 10 percent (good cause for eviction under paragraph a of subdivision 1 of section 216 of the Real Property Law): ________

F. The landlord is not renewing the lease because the tenant is violating a substantial obligation of their tenancy or breaching any of the landlord's rules and regulations governing the premises other than the obligation to surrender possession of the premises, and the tenant has failed to cure the violation after written notice that the violation must cease within 10 days of receipt of the written notice. For this good cause to apply, the obligation the tenant violated cannot be an obligation that was imposed for the purpose of circumventing the intent of Article 6-A of the Real Property Law, known as the New York State Good Cause Eviction Law. The landlord's rules or regulations that the tenant has violated also must be reasonable and have been accepted in writing by the tenant or made a part of the lease at the beginning of the lease term (good cause for eviction under paragraph b of subdivision 1 of section 216 of the Real Property Law): _______;

G. The landlord is not renewing the lease because the tenant is either (a) committing or permitting a nuisance on the unit or the premises; (b) maliciously or grossly negligently causing substantial damage to the unit or the premises; (c) interfering with the landlord's, another tenant's, or occupants of the same or an adjacent building or structure's comfort and safety (good cause for eviction under paragraph c of subdivision1 of section 216 of the Real Property Law): ________;

H. The landlord is not renewing the lease because the tenant's occupancy of the unit violates law, and the landlord is subject to civil or criminal penalties for continuing to let the tenant occupy the unit. For this good cause to apply, a state or municipal agency having jurisdiction must have issued an order requiring the tenant to vacate the unit. No tenant shall be removed from possession of a unit on this basis unless the court finds that the cure of the violation of law requires the removal of the tenant and that the landlord did not, through neglect or deliberate action or failure to act, create the condition necessitating the vacate order. If the landlord does not try to cure the conditions causing the violation of the law, the tenant has the right to pay or secure payment, in a manner satisfactory to the court, to cure the violation. Any tenant expenditures

to cure the violation shall be applied against rent owed to the landlord. Even if removal of a tenant is absolutely essential to the tenant's health and safety, the tenant shall be entitled to resume possession at such time as the dangerous conditions have been removed. The tenant also retains the right to bring an action for monetary damages against the landlord or to otherwise compel the landlord to comply with all all applicable state or municipal housing codes (good cause for eviction under paragraph of subdivision 1 of section 216 of the Real Property Law): ________;

I. The landlord is not renewing the lease because the tenant is using or permitting the unit or premises to be used for an illegal purpose (good cause for eviction under paragraph e of subdivision 1 of section 216 of the Real Property Law): ________;

J. The landlord is not renewing the lease because the tenant has unreasonably refused the landlord access to the unit for the purposes of making necessary repairs or improvements required by law or for the purposes of showing the premises to a prospective purchaser, mortgagee, or other person with a legitimate interest in the premises (good cause for eviction under aragraph f of subdivision 1 of section 216 of the Real Property Law): ________;

K. The landlord is not renewing the lease because the landlord seeks in good faith to recover possession of the unit for the landlord's personal use and occupancy as the landlord's principal residence, or for the personal use and occupancy as a principal residence by the landlord's spouse, domestic partner, child, stepchild, parent, step-parent, sibling, grandparent, grandchild, parent-in-law, or sibling-in-law. The landlord can only recover the unit for these purposes if there is no other suitable housing accommodation in the building that is available. Under no circumstances can the landlord recover the unit for these purposes if the tenant is: (a) 65 years old or older; or (b) a "disabled person" as defined in subdivision 6 of section 211 of the Real Property Law. To establish this good cause in an eviction proceeding, the landlord must establish establish good faith to recover possession of a housing accommodation for the uses described herein by clear and convincing evidence (good cause for eviction under paragraph g of subdivision 1 of section 216 of the Real Property Law): ________;

L. The landlord is not renewing the lease because the landlord in good faith seeks to demolish the housing accommodation. To establish this good cause in an eviction proceeding, the landlord must establish good faith to demolish the housing accommodation by clear and convincing evidence (good cause for eviction under paragraph h of subdivision 1 of section 216 of the Real Property Law): ________;

M. The landlord is not renewing the lease because the landlord seeks in good faith to withdraw the unit from the housing rental market. To establish this good cause in an eviction proceeding, the landlord must establish good faith to withdraw the unit from the rental housing market by clear and convincing evidence (good cause for eviction under paragraph i of subdivision 1 of section 6 of the Real Property Law): ________;

N. The landlord is not renewing the lease because the tenant has failed to agree to reasonable changes at lease renewal, including reasonable increases in rent, and the landlord gave written notice of the changes to the lease to the tenant at least 30 days, but no more than 90 days, before the current lease expired. A rent increase is presumptively unreasonable if the increase from the prior rent is greater than the lower of of: (a) 5 percent plus the annual percentage change in the consumer price index for all urban consumers for all items as published by the United States Bureau of Labor Statistics for the region in which the housing accommodation is located, as published by August 1st of each year by the Division of Housing and Community Renewal; or (b) 10 percent (good cause for eviction under paragraph j of subdivision 1 of section 216 of the Real Property Law):________.

PLEASE TAKE FURTHER NOTICE:

The sending of above notice does not vitiate any prior notices to cure, litigation notices, or pleading served upon you, nor does the sending of this notice serve to revive or reinstate any previously terminated tenancy. The word "tenant" as recited in the notice is solely for identification purposes and not a statement of legal status. No admissions or concessions of an owner right or remedy may be construed from the text or sending of this notice.

State of New York, County of Nassau ss:

AFFIDAVIT OF SERVICE

**HARRY HEERALALL** being duly sworn, deposes and says that deponent is a licensed process server; that deponent is not a party to the proceeding; that deponent is over the age of 18 years and resides in the County of **QUEENS**.
On **2/24/2026** at **11:46AM** at **102 WEST 183RD ST APT 2A, BRONX, NY 10453** (the Premises) deponent served the within **14 day Notice and Good Cause Notice** ON **KAREEM ADAMS**

☐ **PERSONAL SERVICE** by delivering a true copy(ies) to said respondent personally; deponent knew the person so served to be the person described as the respondent herein. Said person described below

■ **SUBSTITUTE SERVICE** by delivering a true copy(ies) for each named tenant/occupant of said paper to a person of suitable age and discretion who resided at the premises and who was willing to receive same. Said person gave the name of **John Doe refused name** and is described below. **02/24/2026 at 11:46AM**

☐ **CORPORATION** a domestic corp. by delivering a true copy(ies) of said paper to employed at the premises and willing to receive same.
Said person is described below

| Gender | Race | Hair Color | Age | Height | Weight |
|---|---|---|---|---|---|
| Male | Black or African American | Black | 35-50 | 5ft8in-5ft11in | 171-200 lbs |

☐ **CONSPICUOUS** by affixing a true copy(ies) for each named tenant / occupant upon a conspicuous part of Premises to wit: the entrance door/apartment door of said property. Deponent was unable to find person of suitable age and discretion willing to receive said paper having called and made attempts of service there on:

**MAILING(S)** Within one (1) business day thereafter on **2/25/2026** the undersigned deposes and says he/she mailed two true copies of said paper to each named tenant/occupant enclosed in a paid- postage wrapper properly addressed to respondent (s) at the property sought to be recovered and all addresses listed below by both certified and regular first class mail at a United States Post Office within the city of New York.

Sworn to before me on
**2/25/2026**

**Melissa Addario**
**Notary Public, State Of New York**
**No. 01-AD6412455**
**Qualified in Queens**
**Commission Expires:**
**December 28, 2028**

**1182464**

**Job # heeralallh-20260225-1182464** **HARRY HEERALALL 2119181**

**Zellner-Wood Process Service Agency License # 1451565 102 Jericho Turnpike Suite 104, Floral Park, NY 11001**