CIVIL COURT OF THE CITY OF NEW YORK
COUNTY OF BRONX: HOUSING PART
------------------------------------------------------x
ANDREWS 102 LLC,

Petitioner, LT-310012-26/BX

-against- **ANSWER**

KAREEM ADAMS

Respondents.
------------------------------------------------------x

**PLEASE TAKE NOTICE** that Respondent KAREEM ADAMS (hereinafter, "Respondent" and/or "Mr. Adams"), hereby appears in this proceeding and interposes the following Answer to the Petition herein:

1. Respondent lacks knowledge or information sufficient to form a belief as to the allegations contained in paragraph one of the Petition;
2. Respondent admits the allegations made in Paragraph two of the Petition;
3. Respondent admits the allegations made in Paragraph three of the Petition;
4. Respondent admits the allegations made in Paragraph four of the Petition;
5. Respondent lacks knowledge or information sufficient to form a belief as to the allegations contained in paragraph five of the Petition;
6. Respondent denies the allegations made in Paragraph six of the Petition;
7. Respondent admits the allegation in Paragraph seven of the Petition;
8. Respondent denies the allegations made in Paragraph eight of the Petition;
9. Respondent denies the allegations made in Paragraph nine of the Petition;
10. Respondent lacks knowledge or information sufficient to form a belief as to the allegations contained in paragraph ten of the Petition.

**AS AND FOR A FIRST OBJECTION IN POINT OF LAW – DEFECTIVE RENT DEMAND**

11. Petitioner's rent demand to Respondent was and is defective and must be dismissed pursuant to RPAPL § 711 (2) because the amounts sought do not reflect a good faith approximation of the amounts actually due.

12. The rent demand herein claims that rent is owed from November 2025 in the amount of $168.06 and $1,683.86 from each month between December 2025-February 2026. However, all the rent has been paid for those months.

13. Respondent made payments during the period of alleged arrears, but these payments are not accounted for in the rent demand.

14. Respondent pays rent by sending money orders directly to Petitioner. Respondent made eight separate payments from November 2025-February 2026 and has money order receipts for all the following payments:

a. $1,000.00 on February 17th, 2026 (money order #55114988027)
b. $683.86 on February 17th, 2026 (money order #55114988034)
c. $1,000.00 on January 21st, 2026 (money order #55099173898)
d. $683.86 on January 21st, 2026 (money order #55099173904)
e. $1,000.00 on December 17th, 2025 (money order #55099144961)
f. $683.86 on December 17th, 2025 (money order #55099144954)
g. $1,000.00 on November 22nd, 2025 (money order #55099107782)
h. $683.86 on November 22nd, 2025 (money order #55099107799)

15. Respondent has paid the full amount of rent for each of the months alleged in the rent demand and Petition.

16. Respondent made payments during the period of alleged arrears, but these payments are not accounted for in the rent demand. Thus, all alleged arrears owed in the rent demand must not come from those months or is not a good faith approximation of what is owed at all.

17. Accordingly, because the predicate rent demand is legally defective the petition must be dismissed.

**<u>AS AND FOR A FIRST AFFIRMATIVE DEFENSE – PAYMENT</u>**

18. Respondent repeats and re-alleges each and every allegation contained in paragraphs 1 through and including 17 above.

19. Respondent does not owe the amount alleged in the Petition.

20. The Petition seeks rent from December 2025 ($168.06), January 2026 ($1,683.86) to February 2026 ($1,683.86) totaling $3,535.78.

21. However, Respondent has made payments during that time period.

22. Respondent pays rent by sending money orders directly to the Petitioner. Respondent made and has receipts for six separate payments between December 2025 and February 2026:

a. $1,000.00 on February 17th, 2026 (money order #55114988027)
b. $683.86 on February 17th, 2026 (money order #55114988034)
c. $1,000.00 on January 21st, 2026 (money order #55099173898)
d. $683.86 on January 21st, 2026 (money order #55099173904)
e. $1,000.00 on December 17th, 2025 (money order #55099144961)
f. $683.86 on December 17th, 2025 (money order #55099144954)

23. The total amount Respondent paid in December 2025-February 2026 was $5,051.58.

24. This proceeding began on or around March 19, 2026, and these payments are not accounted for in the Petition.

25. The Petition claims an arrearage amount that does not reflect these payments.

26. The Petition, to the extent it seeks an amount already paid, must be dismissed with prejudice.

**AS AND FOR A SECOND AFFIRMATIVE DEFENSE – THE PETITION IS SATISFIED**

27. Respondent repeats and re-alleges each and every allegation contained in paragraphs 1 through and including 26 above.

28. Respondent paid the Petitioner the amount of money alleged in the Petition before their notice to be heard, thereby satisfying the Petition.

29. Before this proceeding began, Respondent made payments equaling $5,051.58 to Petitioner for the months alleged in the Petition. This surpasses the alleged $3,535.78 in rent arrears in the Petition.

30. Accordingly, because the Petition is satisfied, Petitioner has failed to state a cause of action and/or Petitioner has failed to state the necessary facts of this proceeding pursuant to RPAPL § 731(4) and/or CPLR 3211(a)(7).

31. Thus, the Petition, to the extent it seeks an amount already paid, must be dismissed with prejudice.

**AS AND FOR A THIRD AFFIRMATIVE DEFENSE - LACHES**

32. Respondent repeats and re-alleges each and every allegation contained in paragraphs 1 through and including 31 above.

33. Upon information and belief, Petitioner is attempting to collect rent from years and months prior to the months alleged on the Petition.

34. These claims for rent are stale and untimely and Respondent has been prejudiced by Petitioner's delay in bringing this claim.

35. Accordingly, the petition should be dismissed under the legal doctrine of laches to the extent that it seeks any rent that dates back for more than three months.

**AS AND FOR A FIRST COUNTERCLAIM - HARASSMENT**

36. Respondent repeats and re-allege each and every allegation contained in paragraphs 1 through and including 35 above.

37. Starting in 2021, this is the eighth non-payment case Petitioner has brought against Respondent when there is no rent owed.

38. On information and belief, Petitioner's failure to properly credit Respondents for their rental payments is intended to cause Respondent to vacate his apartment or to surrender or waive his rights thereto and thus constitute harassment under Section 27-2004(a)(48) of the Administrative Code of the City of New York.

39. Petitioner has repeatedly brought frivolous court proceedings against the Respondent, alleging nonpayment of rent when said rent has been paid, which upon information and belief is intended to cause Respondent to vacate his apartment or to surrender or waive his rights thereto, and thus constitute harassment under Section 27-2004(a)(48) of the Administrative Code of the City of New York.

40. On information and belief, Petitioner and/or its agents have engaged in other repeated acts and omissions of such significance as to substantially interfere with or disturb Respondent's comfort, repose, peace and quiet, and such acts and omissions were intended to cause Respondent to vacate the Premises or to surrender or waive some or all of Respondent's rights in

relation to the occupancy of the Premises. These acts and omissions constitute harassment under Section 27-2004(a)(48) of the Administrative Code of the City of New York.

41. Respondent is therefore entitled to compensatory damages, statutory damages, punitive damages, and other relief pursuant to Sections 27-2005, 27-2115(m), and 27-2115(o) of the Administrative Code of the City of New York.

**AS AND FOR A SECOND COUNTERCLAIM - VIOLATIONS OF GENERAL BUSINESS LAW § 349**

42. Respondent repeats and re-alleges each and every allegation contained in paragraphs 1 through and including 41 above.

43. Petitioner has asserted the right to collect the sums claimed due, including rent that has already been paid by Respondent, in violation of Section 349 of the New York General Business Law Section (hereinafter "GBL").

44. Petitioner's conduct constitutes an unfair, deceptive, and illegal business practice in violation of Section 349 of the GBL.

45. Petitioner's conduct has caused Respondent injury and damages, entitling Respondent to monetary damages pursuant to Section 349 of the GBL.

46. Petitioner's conduct was willful or grossly negligent, and Respondent is therefore entitled to treble damages pursuant to Section 349(h) of the GBL.

47. Respondent is entitled to reasonable attorney's fees under Section 349(h) of the GBL.

**AS AND FOR A THIRD COUNTERCLAIM - ATTORNEY'S FEES**

48. Respondent repeats and re-alleges each and every allegation contained in paragraphs 1 through and including 47 above.

49. Respondent seeks the reasonable attorney's fees, costs and disbursements incurred in this proceeding, in an amount to be determined by the Court, pursuant to RPL § 234.

**WHERERORE**, Respondent respectfully requests that this Court issue an order:

1. Dismiss the petition in its entirety; and/or
2. Dismissing the Petition based on a defective rent demand; and/or
3. Dismissing the Petition to the extent that it seeks amounts already paid; and/or
4. Dismiss the petition to the extent it seeks possessory amounts that are barred; and
5. Entering judgment in Respondent's favor on his first counterclaim, awarding Respondents compensatory, statutory, and punitive damages upon Petitioner; and
6. Entering judgment in Respondent's favor on his second counterclaim, awarding Respondent compensatory and punitive damages and attorneys' fees pursuant to Section 349 of the GBL; and
7. Entering judgment in Respondent's favor on his third counterclaim, awarding Respondent attorneys' fees and costs in an amount to be determined by this Court; and
8. Granting such other and further relief as this Court may deem just and proper.

_*/s/ Nicole Reed*_______
The Legal Aid Society
Bronx Neighborhood office
260 East 161st Street, 8th Floor
Bronx, NY 10451
nmreed@legal-aid.org
*Attorneys for Respondent*