CIVIL COURT OF THE CITY OF NEW YORK
COUNTY OF BRONX: HOUSING PART: I
-------------------------------------------------------x
ANDREWS 102 LLC,

Petitioner,

LT-310012-26/BX

-against-

**NOTICE OF MOTION**

KAREEM ADAMS

Respondents.
-------------------------------------------------------x

**PLEASE TAKE NOTICE**, that upon the annexed affirmation of **NICOLE REED**, dated May 15, 2026, upon the annexed exhibits, and upon all the pleadings and proceedings in this matter, the undersigned will move this Court at the Civil Court, Bronx County, Housing Part I, Room 520 located at 1118 Grand Concourse, on the May 28, 2026 at 9:30 am or as soon thereafter as counsel may be heard, for an Order:

1. Dismissing this proceeding pursuant to CPLR §§3211(a)(1) and 3211(a)(7) and/or pursuant to RPAPL §741(4) and/or CPLR 409 (b) and/or RPAPL § 731(4) for failure to state the facts upon which the proceeding is based because the Petition has already been satisfied; and/or
2. Dismissing this proceeding pursuant to CPLR §§3211(a)(1) and 3211(a)(7) based on the Petitioner's defective rent demand under RPAPL § 711(2) and RPAPL §741(4) and/or CPLR 409 (b) for failure to state the facts upon which the proceeding is based because the rent demand fails to set forth an approximate good faith sum of rent due; and
3. Granting such other and further relief as this Court deems just and proper.

**PLEASE TAKE FURTHER NOTICE** that this motion is noticed pursuant to CPLR 406 so that it may be heard on the next adjourned court date in this summary proceeding.

Dated: May 15, 2026
Bronx, New York

Respectfully Submitted,

*/s/ Nicole Reed*

The Legal Aid Society
Nicole Reed, *Of Counsel*
260 East 161st Street, 8th Floor
Bronx, NY 10451
Tel: 929-745-2732
nmreed@legal-aid.org
*Attorneys for Respondent*

CIVIL COURT OF THE CITY OF NEW YORK
COUNTY OF BRONX: HOUSING PART: I
-----------------------------------------------------x
ANDREWS 102 LLC,

Petitioner, LT-310012-26/BX

-against- **MOTION TO DISMISS**

KAREEM ADAMS

Respondents.
-----------------------------------------------------x

**NICOLE REED, ESQ.**, an attorney duly admitted to practice law before the Courts of the State of New York, hereby affirms the truth of the following under the penalties of perjury under the laws of New York, which may include a fine or imprisonment, that the foregoing is true, except as to matters alleged on information and belief and as to those matters I believe it to be true, and I understand that this document may be filed in an action or proceeding in a court of law:

1. I am of counsel to The Legal Aid Society, the attorney for Respondent KAREEM ADAMS (hereinafter "Respondent" or "Mr. Adams") in this proceeding. As such, I am fully familiar with the facts of this proceeding.

2. I make this affirmation in support of Respondent's motion for an Order:

   a. Dismissing this proceeding pursuant to CPLR §§3211(a)(1) and 3211(a)(7) and/or pursuant to RPAPL §741(4) and/or CPLR 409 (b) and/or RPAPL § 731(4) for failure to state the facts upon which the proceeding is based because the Petition has already been satisfied; and /or

   b. Dismissing this proceeding pursuant to CPLR §§3211(a)(1) and 3211(a)(7) based on the Petitioner's defective rent demand under RPAPL § 711(2) and RPAPL §741(4) and/or

CPLR 409 (b) for failure to state the facts upon which the proceeding is based because the rent demand fails to set forth an approximate good faith sum of rent due; and

c. Granting such other and further relief as this Court deems just and proper.

**PROCEDURAL HISTORY**

3. Respondent, Kareem Adams, (hereinafter "Mr. Adams" or "Respondent") has been a tenant of record at 102 West 183rd Street, Apt 2A, Bronx, NY 10453 (hereinafter "subject premises") for around 20 years. *See* Affirmation of Kareem Adams "Adams Aff.", ¶ 1.

4. The instant non-payment proceeding commenced on or about March 19. 2026. *See* New York State Courts Electronic Filing, [NYSCEF], Document No. 1-2, Petition and Notice of Petition respectively.

5. On April 2, 2026, Mr. Adams mailed and emailed a letter both to Petitioner and Petitioner's counsel, providing them with proof of his rental payments with pictures of his money order receipts, and informing them the Petition and Rent Demand was inaccurate since the months alleged had already been paid. **Exhibit B**; Adams Aff., ¶ 6.

6. Mr. Adams retained Legal Aid Society as counsel and on April 12, 2026, The Legal Aid Society filed a Notice of Appearance and Answer on behalf of Mr. Adams. NYSCEF Document No. 5-6 respectively.

7. Now Mr. Adams, through counsel, makes the instant motion.

**ARGUMENT**

**STANDARD FOR MOTION TO DISMISS**

8. The Respondent seeks dismissal of this proceeding under CPLR 3211 (a)(1), CPLR 3211(a)(7), and/or pursuant to RPAPL § 741(4) for failure to state the facts upon which the proceeding is based because the petition is satisfied and the predicate notice is defective.

9. Under the CPLR § 3211(a)(7) a motion to dismiss for failure to state a cause of action should be granted when, after affording the pleadings a liberal construction, meaning that the facts as alleged in the complaint are accepted as true, and the Petitioner is granted the benefit of every possible favorable inference, the court finds that the facts as alleged do not fit within any cognizable legal theory. *Leon v Martinez*, 84 NY2d 83, 87-88 [1994].

10. In a summary eviction proceeding, the "four corners" of the petition includes any required predicate notices that are annexed and incorporated by reference. *Jewish Bd. Of Family and Children's Services, Inc. v Sabater*, 82 Misc 3d 1241(A) [Civ Ct 2024] citing CPLR § 3014, "A copy of any writing which is attached to a pleading is a part thereof for all purposes."

11. A Motion to dismiss on the grounds that the action is barred by documentary evidence under CPLR § 3211(a)(1)) may be appropriately granted only where the documentary evidence utterly refutes plaintiff's factual allegations, conclusively establishing a defense as a matter of law. *Goshen v Mut. Life Ins. Co. of New York*, 98 NY2d 314 [2002]; M & E 73-75, LLC v 57 Fusion LLC, 189 AD3d 1 [1st Dept 2020]. *See also Jericho Grp., Ltd. v. Midtown Dev., L.P.*, 32 A.D.3d 294, 298, 820 N.Y.S.2d 241 (2006). (dismissal is warranted if the documentary evidence contradicts the claims raised in the complaint).

**THE COURT SHOULD DISMISS THIS PROCEEDING BECAUSE THE PETITION HAS BEEN SATISFIED**

12. This proceeding should be dismissed as it has been rendered moot under RPAPL § 731(4) and/or CPLR § 409(b) and for failure to state the facts upon which the proceeding is based, pursuant to RPAPL § 741(4).

13. Pursuant to RPAPL § 731(4), "payment to the landlord of the full amount of rent due, when such payment is made at any time prior to the hearing on the petition, shall be accepted by the landlord and renders moot the grounds on which the special proceeding was commenced."

14. With respect to what constitutes the "hearing of the petition" for purposes of RPAPL § 731(4), courts have found instructive case law in the context of RPAPL § 743, which allows an answer to be asserted or filed "at the time when the petition is to be heard," and has been interpreted to include any adjourn date up to, extending the time, and including the date of trial. *See Virga v Virga*, 2024 NY Slip Op 501359[U] [Civ Ct, Bronx Co 2024], citing *Picken v Staley*, 2011 NY Slip Op 33237[U] [Civ Ct, NY Co 2011]); *In-Towne Shopping Centers Co v DeMottie*, 851 NYS2d 70 [App Term 2nd Dept, 9th & 10th Jud Dists 2007]; *see also City of New York v Candelario*, 156 Misc 2d 330 [App Term, 2d Dept, 2d & 11th Jud Dists 1993], *affd in part and revd in part on other grounds* 223 AD2d 617 [2d Dept 1996].

15. If the petition has not yet been heard by the court and payments have been made to satisfy it, then pursuant to RPAPL § 731(4), the petition is rendered moot, and the court must dismiss the proceeding. *See 43-25 Hunter Affordable Lessee L.L.C. v. Johnson*, 82 Misc. 3d 1209(A), 205 N.Y.S.3d 919 (N.Y. Civ. Ct. 2024) (proceeding was stayed before the first appearance; payments were made, the petition was satisfied, and the court never had an opportunity to "hear" the petition. Accordingly, RPAPL § 731(4) applied, and the proceeding was dismissed.)

16. Here, Mr. Adams's first appearance for this proceeding will be May 28, 2026.

17. Mr. Adams's monthly rent is $1,683.86. Adams Aff., ¶ 2. Mr. Adams makes his rent payments in the form of two money orders; he has been sending like this for at least 15 years. *Id*.

18. The petition seeks rent from December 2025 ($168.06), January 2026 ($1,683.86), and February 2026 ($1,683.86), for a total of $3,535.78. *See* NYSCEF Document No. 1, Petition, p. 1.

19. The Rent Demand seeks rent from November 2025 ($168.06), December 2025 ($1,683.86), January 2026 ($1,683.86), and February 2026 ($1,683.86), for a total of $5,219.64 from Mr. Adams. *See Id* at pg. 3.

20. In the month the rent became due, and before the Petition was filed, Mr. Adams made payments equal to $6,735.44. *See* **Exhibit A** – Money Order Receipts from November 2025-Februrary 2026.

a. These payments were as follows:

i. $1,000.00 on November 22, 2025

ii. $683.86 on November 22, 2025

iii. $1,000.00 on December 17, 2025

iv. $683.86 on December 17, 2025

v. $1,000.00 on January 21, 2026

vi. $683.86 on January 21, 2026

vii. $1,000.00 on February 17, 2026

viii. $683.86 on February 17, 2026

*See* **Exhibit A**.

21. This proceeding was then filed on March 19, 2026. *See* NYSCEF Document No. 1-2.

22. Mr. Adams made his rent payments in the month they became due and the rent was received prior to Petitioner filing this proceeding, effectively satisfying the Petition prior to this proceeding being heard.

23. Therefore, the petition must be dismissed because it has been fully satisfied and is therefore moot under RPAPL § 731(4) and/or CPLR 409 (b).

**THE COURT SHOULD DISMISS THE PROCEEDING DUE TO PETITIONER'S DEFECTIVE RENT DEMAND**

24. The Respondent seeks dismissal of this proceeding under CPLR 3211 (a)(1), CPLR 3211(a)(7), and/or pursuant to RPAPL § 741(4) for failure to state the facts upon which the proceeding is based because the predicate notice is defective.

25. Under RPAPL § 711(2), the landlord must serve a written rent demand on a tenant before initiating a lawsuit. This demand must provide a good faith approximation of rent due. *Schwartz v. Weiss Newell*, 87 Misc. 2d 558, 386 N.Y.S. 191 (N.Y. City Civ. Ct. 1976).

26. The rent demand must "clearly inform the tenant of the particular period for which a rent payment is allegedly in default and the approximate good faith sum of rent assertedly due for each period." *542 Holding Corp. v Prince Fashions, Inc.*, 46 AD3d 309, 311 [1st Dept 2007].

27. A proper predicate rent demand is a condition to commencement of a non-payment proceeding, it cannot be amended *nunc pro tunc*. *See Vartarian v. Brady*, 184 Misc.2d 333, 707 N.Y.S.2d 285 (Civ. Ct. N.Y. Cty. 1999) (court held that the condition precedent of proper notice cannot be revived by amendment) (citing *Chinatown Apts. v. Chu Cho Lam*, 51 N.Y.2d 786, 433 N.Y.S.2d 86 (1980); *see also St. James Court LLC v. Booker*, 176 Misc.2d 693, 673 N.Y.S.2d 821 (Civ. Ct. N.Y. Cty. 1998) (defects in the predicate notice are not subject to cure by amendment). Where a petitioner fails to provide a proper predicate rent demand, a nonpayment proceeding cannot be maintained and must be dismissed.

28. The rent demand requirement "ensures that tenants receive sufficient notice of the nature of the alleged default to permit timely cure and avoid unnecessary litigation" *Kulok v. Riddim Co., L.L.C.*, 185 Misc. 2d 195, 196, 712 N.Y.S.2d 728 [Civ. Ct. N.Y. County 2000] [Billings, J.]). "The rent demand must fairly afford the tenant, at least, actual notice of the alleged amount due and of the period for which such claim is made. At a minimum, the landlord or his agent should clearly inform the tenant of the particular period for which a rent payment is allegedly in default and of the approximate good faith sum of rent assertedly due for each such period" *Id.*

29. The rent demand does not provide a good faith sum of rent owed because the Petitioner did not credit Mr. Adams for payments made during the applicable period.

30. The Rent Demand alleges a total of $5,219.64 is owed for November 2025 ($168.06), December 2025 ($1,683.86), January 2026 ($1,683.86), and February 2026 ($1,683.86). *See* NYSCEF Doc 1 – Petition, Rent Demand, pg. 3.

31. Mr. Adams pays his rent in the form of two money orders, that were sent by the United States Postal Service. Adams Aff., ¶ 2. The payments were as follows:

i. $1,000.00 on November 22, 2025

ii. $683.86 on November 22, 2025

iii. $1,000.00 on December 17, 2025

iv. $683.86 on December 17, 2025

v. $1,000.00 on January 21, 2026

vi. $683.86 on January 21, 2026

vii. $1,000.00 on February 17, 2026

viii. $683.86 on February 17, 2026

*See* **Exhibit A**.

32. This amount totals to $6,735.44 paid in November 2025-February 2026 for Mr. Adams's rent, $1,515.80 in excess of the rent demand. Yet, the rent demand does not credit the amount of these payments.

33. Mr. Adams attempted to inform both Petitioner and Petitioner's counsel that the rent demand was incorrect, with proof of payments, in order to avoid unnecessary litigation, but he was ignored. Adams Aff., ¶ 6-7.

34. The Rent Demand is impermissibly seeking more than what Mr. Adams's should owe in rent for the months of November 2025 through February 2026.

35. Thus, Petitioner's rent demand is fatally defective as Petitioner is seeking arrears from

Respondent in excess of what Petitioner alleges in the Rent Demand and Petition, failing to provide a good faith approximation of what is owed to the Petitioner. Therefore, as a result of the unamendable defect, this proceeding must be dismissed.

Dated: May 15, 2025
Bronx, New York

Respectfully Submitted,

_*/s/ Nicole Reed*_______

The Legal Aid Society
Nicole Reed, *Of Counsel*
260 East 161st Street, 8th Floor
Bronx, NY 10451
Tel: 929-745-2732
nmreed@legal-aid.org
*Attorneys for Respondent*

CIVIL COURT OF THE CITY OF NEW YORK
COUNTY OF BRONX: HOUSING PART: I
-------------------------------------------------------x
ANDREWS 102 LLC,

Petitioner,

LT-310012-26/BX

-against-

**AFFIRMATION OF KAREEM ADAMS**

KAREEM ADAMS

Respondents.
-------------------------------------------------------x

**KAREEM ADAMS** hereby affirms the truth of the following under penalty of perjury:

1. I am the Respondent in the above-captioned summary non-payment proceeding and am the tenant in possession of the subject premises located at 102 West 183rd Street, Apt 2A, Bronx, NY 10453. I have been a tenant of this apartment for about 20 years with my family.

2. Currently, my monthly rent is $1, 683.86. When I pay rent, I separate the rent payments into two money orders. I sent both money orders together. I have been sending my money order rent payments through the United States Postal Service since 2023, and prior to that, I made the money order payments through Western Credit Union. I have consistently paid my rent in this manner for at least 15 years.

3. My landlord has sued me multiple times for rent I have already paid, so I keep all my money order receipts. When I received the rent demand for this case, I noticed right away it was rent I had already paid.

4. I made the following payments in November 2025-Februrary 2026:

   i. $1,000.00 on November 22, 2025

   ii. $683.86 on November 22, 2025

   iii. $1,000.00 on December 17, 2025

iv. $683.86 on December 17, 2025

v. $1,000.00 on January 21, 2026

vi. $683.86 on January 21, 2026

vii. $1,000.00 on February 17, 2026

viii. $683.86 on February 17, 2026

5. On the money orders, I write at the top the day I had it sent to my landlord.

6. This time, to try and avoid court, I mailed and emailed a letter to my landlord and the attorney that has sued me before. I gave them the money order receipt numbers, with pictures of the receipts. I told them that the court paperwork I received was wrong, and that the rent for those months had been paid, asking them to please fix the rent ledger.

7. They never responded.

8. In a past housing case I was represented by The Legal Aid Society, so I reached out to them for assistance on this case as well.

9. I make this Affirmation in support of my Motion to dismiss this case based on the above facts.

**WHEREFORE**, I respectfully pray that this Court grant the relief requested in the annexed motion, together with any other and further relief that this Court deems just and proper.

I affirm this 15th day of May, 2026, under the penalties of perjury under the laws of New York, which may include a fine or imprisonment, that the foregoing is true, except as to matters alleged on information and belief and as to those matters I believe it to be true, and I understand that this document may be filed in an action or proceeding in a court of law.

Adams
Kareem Adams (May 15, 2026 17:02:04 EDT)

KAREEM ADAMS

# EXHIBIT A

**CUSTOMER'S RECEIPT** — UNITED STATES POSTAL SERVICE®

12-17-25

SEE BACK OF THIS RECEIPT FOR IMPORTANT CLAIM INFORMATION

NOT NEGOTIABLE

Pay to: Residential Management Inc

Address: 1651 Coney Island Ave 4th Floor Brooklyn NY 11230

KEEP THIS RECEIPT FOR YOUR RECORDS

| Serial Number | Year, Month, Day | Post Office | Amount | Clerk |
|---|---|---|---|---|
| 55099144954 | 2025-12-17 | 104681 | $683.86 | 03 |

**CUSTOMER'S RECEIPT** — UNITED STATES POSTAL SERVICE®

12-17-25

SEE BACK OF THIS RECEIPT FOR IMPORTANT CLAIM INFORMATION

NOT NEGOTIABLE

Pay to: Residential Management Inc

Address: 1651 Coney Island Ave 4th Floor Brooklyn NY 11230

KEEP THIS RECEIPT FOR YOUR RECORDS

| Serial Number | Year, Month, Day | Post Office | Amount | Clerk |
|---|---|---|---|---|
| 55099144961 | 2025-12-17 | 104681 | $1,000.00 | 03 |

**CUSTOMER'S RECEIPT** — UNITED STATES POSTAL SERVICE®

11/22/25

SEE BACK OF THIS RECEIPT FOR IMPORTANT CLAIM INFORMATION

NOT NEGOTIABLE

Pay to: Residential management Inc

Address: 1651 Coney Island Ave 4th Floor Brooklyn NY 11230

KEEP THIS RECEIPT FOR YOUR RECORDS

| Serial Number | Year, Month, Day | Post Office | Amount | Clerk |
|---|---|---|---|---|
| 55099107799 | 2025-11-22 | 104681 | $683.86 | 10 |

**CUSTOMER'S RECEIPT** — UNITED STATES POSTAL SERVICE®

11/22/25

SEE BACK OF THIS RECEIPT FOR IMPORTANT CLAIM INFORMATION

NOT NEGOTIABLE

Pay to: Residential management Inc

Address: 1651 Coney Island Ave 4th Floor Brooklyn NY 11230

KEEP THIS RECEIPT FOR YOUR RECORDS

| Serial Number | Year, Month, Day | Post Office | Amount | Clerk |
|---|---|---|---|---|
| 55099107782 | 2025-11-22 | 104681 | $1,000.00 | 10 |



CUSTOMER'S RECEIPT
UNITED STATES POSTAL SERVICE
1-21-26
SEE BACK OF THIS RECEIPT FOR IMPORTANT CLAIM INFORMATION
NOT NEGOTIABLE
Pay to: Residential management INC
Address: 1651 Coney Island Ave 4th FL Brooklyn NY 11230
KEEP THIS RECEIPT FOR YOUR RECORDS
Serial Number: 55099173904
Year, Month, Day: 2026-01-21
Post Office: 104681
Amount: $683.86
Clerk: 78

CUSTOMER'S RECEIPT
UNITED STATES POSTAL SERVICE
1-21-26
SEE BACK OF THIS RECEIPT FOR IMPORTANT CLAIM INFORMATION
NOT NEGOTIABLE
Pay to: Residential management
Address: 1651 Coney ISland Ave 4th FL Brooklyn NY 11230
KEEP THIS RECEIPT FOR YOUR RECORDS
Serial Number: 55099173898
Year, Month, Day: 2026-01-21
Post Office: 104681
Amount: $1,000.00
Clerk: 78

CUSTOMER'S RECEIPT
UNITED STATES POSTAL SERVICE
2-17-26
SEE BACK OF THIS RECEIPT FOR IMPORTANT CLAIM INFORMATION
NOT NEGOTIABLE
Pay to: Residential Management Inc
Address: 1651 Coney ISland Ave 4th Floor Brooklyn NY 11230
KEEP THIS RECEIPT FOR YOUR RECORDS
Serial Number: 55114988034
Year, Month, Day: 2026-02-17
Post Office: 104681
Amount: $683.86
Clerk: 03

CUSTOMER'S RECEIPT
UNITED STATES POSTAL SERVICE
2-17-26
SEE BACK OF THIS RECEIPT FOR IMPORTANT CLAIM INFORMATION
NOT NEGOTIABLE
Pay to: Residential management Inc
Address: 1651 Coney Island Ave 4th FL Brooklyn NY 11230
KEEP THIS RECEIPT FOR YOUR RECORDS
Serial Number: 55114988027
Year, Month, Day: 2026-02-17
Post Office: 104681
Amount: $1,000.00
Clerk: 03

# EXHIBIT B

**MAILED TO ANDREWS 102 LLC AT**

**102 WEST 183RD STREET**
**BRONX, NY 10453**

**1651 CONEY ISLAND AVENUE**
**BROOKLYN, NY 11230**

**AND**

**EMAILED to CHRISTINE PANZA AT cpanza@goldrosenblatt.com**

Dear Andrews 102 LLC,

On February 24, 2026, I received a rent demand claiming that I owe Andrews 102 LLC $5,219.64 for rental arrears for the months of November 2025, December 2025, January 2026, and February 2026.

I do not owe the rental arrears at issue because I have provided the following checks for those months:

a. Money Order # 55099144954- $683.86
b. Money Order # 55099144961 - $1,000.00
c. Money Order # 55099107799 - $683.86
d. Money Order # 55099107782- $1,000.00
e. Money Order # 55099173904- $683.86
f. Money Order # 55099173898- $1,000.00
g. Money Order # 55114988034- $683.86
h. Money Order # 55114988027- $1,000.00

The rent ledger is not accurate and must be corrected. Please send me a corrected rent ledger when these checks are accounted for.

Attached is money order rent receipts to show proof of the payments.

Respectfully,



CUSTOMER'S RECEIPT — UNITED STATES POSTAL SERVICE

1-21-26

SEE BACK OF THIS RECEIPT FOR IMPORTANT CLAIM INFORMATION — NOT NEGOTIABLE — KEEP THIS RECEIPT FOR YOUR RECORDS

Pay to: Residential management INC
Address: 1651 Coney Island Ave 4th FL Brooklyn NY 11230

| Serial Number | Year, Month, Day | Post Office | Amount | Clerk |
|---|---|---|---|---|
| 55099173904 | 2026-01-21 | 104681 | $683.86 | 78 |

CUSTOMER'S RECEIPT — UNITED STATES POSTAL SERVICE

1-21-26

SEE BACK OF THIS RECEIPT FOR IMPORTANT CLAIM INFORMATION — NOT NEGOTIABLE — KEEP THIS RECEIPT FOR YOUR RECORDS

Pay to: Residential management
Address: 1651 Coney Island Ave 4th FL Brooklyn NY 11230

| Serial Number | Year, Month, Day | Post Office | Amount | Clerk |
|---|---|---|---|---|
| 55099173898 | 2026-01-21 | 104681 | $1,000.00 | 78 |

CUSTOMER'S RECEIPT — UNITED STATES POSTAL SERVICE

2-17-26

SEE BACK OF THIS RECEIPT FOR IMPORTANT CLAIM INFORMATION — NOT NEGOTIABLE — KEEP THIS RECEIPT FOR YOUR RECORDS

Pay to: Residential Management Inc
Address: 1651 Coney Island Ave 4th Floor Brooklyn NY 11230

| Serial Number | Year, Month, Day | Post Office | Amount | Clerk |
|---|---|---|---|---|
| 55114988034 | 2026-02-17 | 104681 | $683.86 | 03 |

CUSTOMER'S RECEIPT — UNITED STATES POSTAL SERVICE

2-17-26

SEE BACK OF THIS RECEIPT FOR IMPORTANT CLAIM INFORMATION — NOT NEGOTIABLE — KEEP THIS RECEIPT FOR YOUR RECORDS

Pay to: Residential management Inc
Address: 1651 Coney Island Ave 4th FL Brooklyn NY 11230

| Serial Number | Year, Month, Day | Post Office | Amount | Clerk |
|---|---|---|---|---|
| 55114988027 | 2026-02-17 | 104681 | $1,000.00 | 03 |

CUSTOMER'S RECEIPT 12-17-25

UNITED STATES POSTAL SERVICE®

SEE BACK OF THIS RECEIPT FOR IMPORTANT CLAIM INFORMATION

NOT NEGOTIABLE

Pay to Residential Management Inc

Address 1651 Coney Island Ave 4th Floor Brooklyn NY 11230

KEEP THIS RECEIPT FOR YOUR RECORDS

| Serial Number | Year, Month, Day | Post Office | Amount | Clerk |
|---|---|---|---|---|
| 55099144954 | 2025-12-17 | 104681 | $683.86 | 03 |

CUSTOMER'S RECEIPT 12-17-25

UNITED STATES POSTAL SERVICE®

SEE BACK OF THIS RECEIPT FOR IMPORTANT CLAIM INFORMATION

NOT NEGOTIABLE

Pay to Residential Management Inc

Address 1651 Coney Island Ave 4th Floor Brooklyn NY 11230

KEEP THIS RECEIPT FOR YOUR RECORDS

| Serial Number | Year, Month, Day | Post Office | Amount | Clerk |
|---|---|---|---|---|
| 55099144961 | 2025-12-17 | 104681 | $1,000.00 | 03 |

CUSTOMER'S RECEIPT 11/22/25

UNITED STATES POSTAL SERVICE®

SEE BACK OF THIS RECEIPT FOR IMPORTANT CLAIM INFORMATION

NOT NEGOTIABLE

Pay to Residential management Inc

Address 1651 Coney Island Ave 4th Floor Brooklyn NY 11230

KEEP THIS RECEIPT FOR YOUR RECORDS

| Serial Number | Year, Month, Day | Post Office | Amount | Clerk |
|---|---|---|---|---|
| 55099107799 | 2025-11-22 | 104681 | $683.86 | 10 |

CUSTOMER'S RECEIPT 11/22/25

UNITED STATES POSTAL SERVICE®

SEE BACK OF THIS RECEIPT FOR IMPORTANT CLAIM INFORMATION

NOT NEGOTIABLE

Pay to Residential management Inc

Address 1651 Coney Island Ave 4th Floor Brooklyn NY 11230

KEEP THIS RECEIPT FOR YOUR RECORDS

| Serial Number | Year, Month, Day | Post Office | Amount | Clerk |
|---|---|---|---|---|
| 55099107782 | 2025-11-22 | 104681 | $1,000.00 | 10 |